# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KEVIN EUGENE DENGEL,

        Defendant-Appellant.

UNPUBLISHED
June 11, 2015

No. 319940
Kent Circuit Court
LC No. 13-006262-FH

---

Before: HOEKSTRA, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of two counts of second-degree criminal sexual conduct, MCL 750.520c(1)(b) (sexual contact with a person at least 13 but less than 16 years of age). Defendant was sentenced to 19 months to 15 years' imprisonment. We affirm.

From September 2012 through April 2013, defendant was employed as a paraprofessional at Sherwood Park Global Studies Academy in Grand Rapids, Michigan. Both victims were students of Sherwood Academy at that time and between the ages of 13 and 16. One victim alleged that defendant touched her buttocks twice and the other victim alleged that defendant touched her right breast twice. All of these incidents occurred while defendant was employed at Sherwood Academy. Other students testified that they witnessed some of defendant's misconduct.

Defendant argues that the prosecution committed misconduct, or what we have recently noted could in most circumstances be termed prosecutorial error,[1] during rebuttal. These issues are not preserved and are reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999). "[T]he test for prosecutorial misconduct [error] is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007) (citations omitted). "Issues of prosecutorial misconduct [error] are decided case by case, and this Court must examine the entire record and evaluate a prosecutor's remarks in context." *Id.* at 64 (citation omitted). "Generally, [p]rosecutors are accorded great

---

[1] *People v Cooper*, ___ Mich App ___, ___; ___ NW2d ___ (2015).

-1-

latitude regarding their arguments and conduct." *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995) (quotation marks and citations omitted, alteration in original).

"Although a prosecutor may not argue facts not in evidence or mischaracterize the evidence presented, the prosecutor may argue reasonable inferences from the evidence." *People v Watson*, 245 Mich App 572, 588; 629 NW2d 411 (2001) (citations omitted). And, "a prosecutor may comment on his own witnesses' credibility during closing argument, especially when there is conflicting evidence and the question of the defendant's guilt depends on which witnesses the jury believes." *People v Thomas*, 260 Mich App 450, 455; 678 NW2d 631 (2004) (citation omitted). However, the prosecution "cannot vouch for the credibility of his witnesses to the effect that he has some special knowledge concerning a witness' truthfulness." *Bahoda*, 448 Mich at 276 (citation omitted). In addition, this Court considers the prosecution's arguments "in light of defense arguments." *People v Lawton*, 196 Mich App 341, 353; 492 NW2d 810 (1992) (citation omitted).

In its rebuttal, the prosecution argued that one of the victim's delay in reporting defendant's touching was the result of her humiliation. This was permissible because it was in response to defendant's argument that the delay indicated that the victim's testimony was not credible, *id*., and because there was "conflicting evidence and the question of . . . defendant's guilt depend[ed] on which witnesses the jury believe[d]," *Thomas*, 260 Mich App at 455. In addition, there was evidence from which the prosecution could reasonably infer—and thus argue—that the victim felt humiliated and that this humiliation caused the victim to delay in telling anyone about defendant's touching. *Watson*, 245 Mich App at 588. Therefore, the prosecution did not commit plain error in making the argument. *Carines*, 460 Mich at 763.

In addition, the prosecution did not err by arguing in rebuttal that "every jury leaves with a doubt . . . " because it was in response to defendant's argument that the jury could not believe the victims' allegations beyond a reasonable doubt. *Lawton*, 196 Mich App at 353. Additionally, it was an appeal to the juror's common sense that they would have some doubt, even if the doubt was not based on reason. *Id.* at 355. Moreover, because whether all juries have doubts was not relevant to prove the second-degree CSC charges against defendant, the statement was not outcome determinative even if it was an error; therefore it is not error requiring reversal under plain-error review. *Watson*, 245 Mich App at 588-589.

In addition, the prosecution did not err by arguing in rebuttal that all of the victim's friends knew about defendant touching them. This was in response to defendant's argument that the victims' testimony was not credible because there was conflicting testimony regarding the manner in which defendant touched one victim and because the victims did not immediately tell anyone about defendant touching them. *Lawton*, 196 Mich App at 353. Though there was no evidence presented that all of the victims' friends were told about defendant's touching, there was evidence from which the prosecution could reasonably infer this. *Watson*, 245 Mich App at 588. Moreover, defendant's argument that the prosecution implied that it had "some special knowledge" about the victims' truthfulness is without merit because the prosecution did not imply that it had information regarding whether the victims' friends were informed of defendant's touching. *People v Rodriguez*, 251 Mich App 10, 31; 650 NW2d 96 (2002).

-2-

In any event, the trial court instructed the jury that it may consider only properly admitted evidence and that the attorneys' arguments were not evidence. "Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors." *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003). Therefore, even if the prosecution did err in its rebuttal, the trial court's instructions cured the errors and reversal is not warranted. *Id.*

Finally, in his Standard 4[2] brief defendant argues that he received the ineffective assistance of counsel when his trial counsel (1) failed to object to the prosecutorial error discussed above, (2) failed to investigate certain evidence, and (3) failed to properly cross-examine a witness. Each of these arguments is without merit. First, because there were no prosecutorial errors, defense trial counsel could not be ineffective for failing to make a futile objection. *Thomas*, 260 Mich App at 457. Second, defendant does not identify with any specificity what evidence trial counsel should have investigated or what it would reveal, nor does he satisfactorily explain what trial counsel could have done better in cross-examining one of the victims.

Affirmed.

/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell
/s/ Christopher M. Murray

---

[2] See Administrative Order 2004-6.