# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 29, 2016

Plaintiff-Appellee,

v

No. 329016
Mason Circuit Court
LC No. 15-002928-FC

BENJAMIN MICHAEL BENTZ,

Defendant-Appellant.

Before: BORRELLO, P.J., and SAWYER and MARKEY, JJ.

BORRELLO, P.J. (*concurring*).

I concur in the conclusion reached by the majority in this matter, however on one issue, I do so on different legal grounds.

I write separately to express my disagreement with the majority's conclusion in this matter that defense counsel's failure to object to the admission of Dr. Nancy Simms's opinion testimony constituted trial strategy. The majority states that defendant's trial counsel allowed the admittedly inadmissible statements made by Simms into evidence in the hope that he could then disprove the very evidence that should never have been elicited.[1] This, the majority contends constituted trial strategy. I disagree and would find that trial counsel's failure to object constituted ineffective assistance of counsel as measured against an objective standard of reasonableness. *People v Payne*, 285 Mich App 181, 189; 774 NW2d 714 (2009).

Defendant correctly argues that Dr. Nancy Simms, the prosecutor's expert witness who examined the victim, improperly vouched for the victim's credibility and by doing so, expressly stated that the sexual abuse occurred. We review this unpreserved claim of error for

---

[1] There was no contention of prosecutorial misconduct in the eliciting of Simms's statements; hence it will not be discussed here. However, I also write separately to put the State on notice that according to statements by defendant's appellate counsel, Dr. Simms has committed this very same testimonial error in prior cases. It is therefore incumbent on a party who uses her testimony in the future to refrain from introduction of testimony which constitutes improper vouching and other testimonial violations set forth by our Supreme Court and referred to in this concurrence.

-1-

plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 764-765; 597 NW2d 130 (1999). Plain error occurs at the trial court level if: (1) error occurred, (2) that was clear or obvious, and (3) prejudiced the party, meaning it affected the outcome of the lower court proceedings. *Id.* at 763 (citation omitted). We ultimately "will reverse only if we determine that, although defendant was actually innocent, the plain error caused him to be convicted, or if the error 'seriously affected the fairness, integrity, or public reputation of judicial proceedings,' regardless of his innocence." *People v Thomas*, 260 Mich App 450, 454; 678 NW2d 631 (2004) (citation omitted).

In *People v Peterson*, 450 Mich 349, 352-353; 537 NW2d 857 (1995), amended 450 Mich 1212 (1995), our Supreme Court set forth the following rules regarding the scope of permissible expert testimony in child CSC cases:

> As a threshold matter, we reaffirm our holding in [*People v Beckley*, 434 Mich 691; 456 NW2d 391 (1990)] that (1) an expert may not testify that the sexual abuse occurred, (2) an expert may not vouch for the veracity of a victim, and (3) an expert may not testify whether the defendant is guilty. However, we clarify our decision in *Beckley* and now hold that (1) an expert may testify in the prosecution's case in chief regarding typical and relevant symptoms of child sexual abuse for the sole purpose of explaining a victim's specific behavior that might be incorrectly construed by the jury as inconsistent with that of an actual abuse victim, and (2) an expert may testify with regard to the consistencies between the behavior of the particular victim and other victims of child sexual abuse to rebut an attack on the victim's credibility.

An expert's testimony will amount to an impermissible lay opinion vouching for the veracity of the complainant where the expert's opinion was based solely on the emotional state of the victim, and was not based on "any findings within the realm of his medical capabilities or expertise[.]" *People v Smith*, 425 Mich 98, 112-113; 387 NW2d 814 (1986).

Here, Dr. Simms testified that she conducted a physical examination of the victim and her diagnosis of the victim was "probable pediatric sexual abuse" based on the victim's "clear, consistent, detailed [and] descriptive history." This testimony clearly reveals that Dr. Simms's diagnosis was based solely on the statements of the victim, and in the absence of any medical findings or physical evidence of sexual abuse, I would conclude that the testimony amounted to an improper vouching of the veracity of the victim. *Peterson*, 450 Mich at 352-353; *Smith*, 425 Mich at 112-113. Consequently, the failure of trial counsel to object to this statement constituted ineffective assistance of counsel. *Payne*, 285 Mich App at 189. However, In spite of the improper veracity vouching I would conclude that reversal is not required for two reasons. First, the doctor's statements, while improper were *somewhat* minimized. Secondly, my review of the record leads me to conclude that the jury had sufficient untainted evidence offered by the victim in this matter such that I cannot find that the erroneous evidence offered by Simms constituted plain error. As this Court has stated on numerous occasions, the victim's testimony alone is sufficient to convict defendant for these crimes. MCL 750.520h.

Accordingly, I concur in the result reached by the majority on this issue, albeit premised on different legal rationale.  I concur with the majority opinion on all other issues presented in this appeal.


/s/ Stephen L. Borrello