# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ORLANDO DESHAUN VANCE,

Defendant-Appellant.

UNPUBLISHED
February 16, 2017

No. 329963
Kent Circuit Court
LC No. 14-012006-FH

Before: MURPHY, P.J., and SAWYER and SWARTZLE, JJ.

PER CURIAM.

Following a jury trial, the trial court convicted defendant of domestic assault, second offense, MCL 750.81(3), and assault by strangulation, MCL 750.84(1)(b). Defendant appeals as of right, challenging only his conviction of assault by strangulation, for which the trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 2 to 20 years' imprisonment. We affirm.

This case arises out of a December 8, 2014 altercation between defendant and the victim, with whom defendant had been dating for approximately two years. From October 2014 to December 2014, defendant spent nearly every night at the victim's home, where the victim and her two children lived. On the day in question, the victim received a phone call from a male friend. This phone call eventually caused an argument later that evening between defendant and the victim, which ended with the defendant grabbing the victim by the collar of her sweatshirt and forcibly holding her down. As a result of this incident, the victim decided to leave the house for the night with her children.

At trial, the victim testified that, as she was getting ready to leave the home, defendant approached her a second time and "choked" her. The victim continued that, while defendant was "choking" her, he told her that he would "beat [her] bloody" and "kill [her] if that's what [she] wanted." The victim stated that defendant had one hand on each side of her neck and that she was not able to talk or breathe normally. The victim added that defendant was "squeezing hard," and that the pressure caused her tongue to come out of her mouth. At the time of the incident, the victim believed it lasted for one minute; however, she testified at trial that it likely lasted closer to five or six seconds.

-1-

In his opening statement, defense counsel admitted that defendant committed two acts of domestic assault. Defense counsel stated that the first of these incidents occurred, as the victim described, when defendant forcibly held the victim down by her shirt. Concerning the second incident, defense counsel stated that defendant committed a domestic assault when the victim was leaving the house but that defendant did not choke the victim. Rather, defense counsel argued that, as the victim was walking down the stairway, defendant "grabbed her by the left side of the neck, not the throat" and pushed her against the wall, "basically . . . saying get out of here now or I'm going to lose my temper." The jury found defendant guilty of both domestic assault and assault by strangulation.

On his first claim, defendant argues that the trial court committed reversible error by allowing testimony from the victim and her mother concerning defendant's alleged previous domestic violence against the victim. We disagree.

The trial court admitted the challenged testimony under MCL 768.27b, which provides, in pertinent part:

> (1) Except as provided in subsection (4), in a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other acts of domestic violence is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403.

"Causing or attempting to cause physical or mental harm" to "[a]n individual with whom the person resides or has resided" or to "[a]n individual with whom the person has or has had a dating relationship" is an act of domestic violence. MCL 768.27b(5)(a)(*i*), (b)(*ii*), (b)(*iv*). Under this statutory definition, an act of domestic violence does not have to be an act for which the defendant was charged with, or convicted of, a crime.

The victim and her mother testified that defendant had previously choked or otherwise physically assaulted the victim and that defendant threw the victim out of her home without proper clothing in the middle of winter on one occasion. These events all occurred within the two years preceding the incident and defendant was given proper notice under MCL 768.27b(2) of the prosecutor's intent to introduce that evidence. Defendant's only argument on appeal is that this evidence was inadmissible because it was either not relevant under MRE 401 or was unfairly prejudicial under MRE 403.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. MRE 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Unfairly prejudicial evidence "inject[s] considerations extraneous to the merits of the lawsuit" such as "bias, sympathy, anger, or shock" into the jury's decision-making. *People v McGhee*, 268 Mich App 600, 614; 709 NW2d 595 (2011) (quotation marks and citation removed). Regarding evidence of a defendant's prior bad acts, the more dissimilar, infrequent, and distant the bad acts are from

the charged crime, the more likely the evidence of the bad acts is unfairly prejudicial. See *People v Watkins*, 491 Mich 450, 487-488; 818 NW2d 296 (2012).

Defendant argues that this challenged evidence was not relevant or was unduly prejudicial because his admission through defense counsel's opening statement extinguished all factual issues save for whether defendant strangled the victim. Defendant, however, mischaracterizes the role of a jury in a criminal case. In a criminal case, to find a defendant guilty, the jury must find that the prosecution proved every element of the charged offense beyond a reasonable doubt. See *People v Nowack*, 462 Mich 392, 399-400; 614 NW2d 78 (2000). The statements of counsel are not evidence, see M Crim JI 3.5(5), and, even if defendant had stipulated that he assaulted the victim, which he did not, the trial court could not require the to accept that stipulation, see M Crim JI 4.7. Accordingly, triable issues of fact existed for the jury concerning not only whether defendant strangled the victim but also whether defendant assaulted the victim.

Further, as to relevance, the challenged evidence of defendant's prior domestic violence against the victim tended to make more probable that defendant assaulted the victim and that defendant intentionally choked the victim. Accordingly, the evidence was relevant under MRE 401. Regarding prejudice, the challenged testimony was that defendant previously choked, physically assaulted, and kicked the victim out of the home. These events were similar to and occurred within two years of the assault at issue. Accordingly, the evidence was not unduly prejudicial under MRE 403.

Therefore, we conclude that the trial court did not err by admitting the challenged testimony under MCL 768.27b. Because this evidence was admissible under MCL 768.27b, we also reject defendant's claim that defense counsel was constitutionally ineffective for failing to object to its admission. "Counsel is not ineffective for failing to make a futile objection." *People v Thomas*, 260 Mich App 450, 457; 678 NW2d 631 (2004).

Next, defendant argues that there was insufficient evidence for the trial court to convict him of assault by strangulation. Again, we disagree.

"This Court reviews de novo defendant's challenge to the sufficiency of the evidence." *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). In reviewing sufficiency of the evidence claims, this Court views the evidence in the light most favorable to the prosecutor and determines whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *Nowack*, 462 Mich at 399-400. In making this determination, this Court must also "draw all reasonable inferences and make credibility choices in support of the jury verdict." *Id.* at 400.

In this case, sufficient evidence existed to convict defendant of assault by strangulation if a reasonable jury could find beyond a reasonable doubt that defendant attempted or threatened "to do corporal harm," *People v Blevins*, 314 Mich App 339, 357; 886 NW2d 456 (2016), by "intentionally impeding normal breathing or circulation of the blood by applying pressure on the throat . . . of another person," MCL 750.84(2).

On this issue, defendant's sole argument on appeal appears to be that variations between the victim's written statement after the incident, her interview with police, and her testimony at trial render the evidence insufficient to convict defendant. Nonetheless, we have long held that determinations of witness credibility are the function of the jury, not this Court. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992).

At trial, the victim testified that that defendant "put both hands around [her] neck," that "he was squeezing" so hard that she was not able to talk or breathe normally, and that this pressure caused her tongue to come out of her mouth. The victim's testimony alone was therefore sufficient for a reasonable jury to find defendant guilty of an assault by strangulation. The properly admitted evidence of defendant's previous domestic violence towards the victim, the testimony of other witnesses, and properly admitted photographs depicting marks on the victim's neck bolster this testimony. Therefore, viewing the evidence in the light most favorable to the prosecution, we conclude that sufficient evidence existed for a reasonable jury to convict defendant of assault by strangulation.

Affirmed.

/s/ William B. Murphy
/s/ David H. Sawyer
/s/ Brock A. Swartzle