# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
November 28, 2017

Plaintiff-Appellee,

v

No. 332984
Grand Traverse Circuit Court
LC No. 2015-012235-FC

DEREK JOSEPH BAILEY,

Defendant-Appellant.

Before: O'CONNELL, P.J., and MURPHY and K. F. KELLY, JJ.

PER CURIAM.

Defendant was convicted by a jury of two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (victim under 13 years of age). The trial court sentenced him to serve concurrent prison terms of 25 to 50 years on the two convictions. Defendant appeals as of right, and we affirm.

DT and PT are defendant's stepdaughters, both of whom were minors during the relevant time period. In a separate case, in November 2014, a trial was conducted in Leelanau County with respect to CSC charges brought against defendant and involving both girls as victims. The jury acquitted defendant on three counts of CSC-I pertaining to DT, but convicted him of two counts of CSC-II, MCL 750.520c, as to PT, which convictions this Court affirmed. *People v Bailey*, unpublished opinion per curiam of the Court of Appeals, issued July 25, 2017 (Docket No. 333073). The instant appeal concerns charges and convictions arising from defendant's sexual assaults against DT alone, as perpetrated in Grand Traverse County and distinguished from defendant's conduct in Leelanau County. This case was tried before a jury in April 2016. The victim here, DT, testified that, at defendant's behest and demand, she performed fellatio on him numerous times at various locations, including in a car. DT further testified that defendant used his laptop computer to broadcast her performing oral sex on him. During the trial, PT also testified as part of the prosecution's case, recounting defendant's acts of sexual abuse and misconduct committed against her. Additionally, the prosecution introduced acts of improper sexual conduct engaged in by defendant and involving two of defendant's sisters-in-law, both adults at the time of the incidents, and DJ, a female child of one of those sisters-in-law.

On appeal, defendant first argues that the trial court erred in allowing the other-acts testimony by PT, the two sisters-in-law, and DJ, maintaining that the prosecution did not provide proper notice of the other-acts evidence under MRE 404(b)(2) and that the evidence was

-1-

inadmissible under MRE 404(b)(1), as it can only be characterized as propensity evidence and any probative value was substantially outweighed by the danger of unfair prejudice, MRE 403. In the earlier Leelanau County case, PT testified with respect to acts of sexual assault, and the prosecution gave proper notice of intent to introduce other-acts evidence in that case relative to the two sisters-in-law and DJ, although they apparently did not testify at trial. Here, a little more than a month before trial, the prosecution filed a supplemental witness list, adding, amongst others, PT, DJ, and the sisters-in-law. In a trial brief filed a week before trial, the prosecution summarized their anticipated testimony. Defendant then filed a motion in limine, challenging these witnesses on the basis of improper notice and that their testimony was otherwise inadmissible under MRE 404(b). The trial court denied the motion, ruling, in part, that while the notice was late, any tardiness was not prejudicial, given the events that had transpired in the Leelanau County case.

In *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999), the Michigan Supreme Court recited the applicable standards of review, observing:

> The decision whether to admit evidence is within the trial court's discretion; this Court only reverses such decisions where there is an abuse of discretion. However, decisions regarding the admission of evidence frequently involve preliminary questions of law, e.g., whether a rule of evidence or statute precludes admissibility of the evidence. This Court reviews questions of law de novo. Accordingly, when such preliminary questions of law are at issue, it must be borne in mind that it is an abuse of discretion to admit evidence that is inadmissible as a matter of law. [Citations omitted.]

Because the other acts of sexual misconduct involved minors, PT and DJ, as well as adults, the two sisters-in-law, both MRE 404(b) and MCL 768.27a are implicated, as will be explained below. Both provisions contain notice requirements. MRE 404(b)(2) provides that "[t]he prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any [other-acts] evidence it intends to introduce at trial and the rationale . . . for admitting the evidence." And MCL 768.27a(1) provides that "the prosecuting attorney shall disclose the [other-acts] evidence to the defendant at least 15 days before the scheduled date of trial or at a later time as allowed by the court for good cause shown, including the statements of witnesses or a summary of the substance of any testimony that is expected to be offered."

Assuming a failure to comply with MRE 404(b)(2)'s notice provision, accepting a compliance failure with MCL 768.27a(1)'s 15-day notice provision, and proceeding on the basis that good cause was lacking, reversal is nonetheless unwarranted. In *People v Jackson*, 498 Mich 246, 278-279; 869 NW2d 253 (2015), our Supreme Court addressed a notice failure under MRE 404(b)(2), stating:

> [The witness's] testimony was substantively admissible under MRE 404(b), notwithstanding the trial court's failure to properly analyze it under that rule. And while it was error for the prosecution not to provide, and the trial court not to require, "reasonable notice" of [the] testimony under MRE 404(b)(2), the defendant has not demonstrated that this error more probably than not was

outcome determinative. As discussed above, the lack of proper pretrial notice did not result in the admission of substantively improper other-acts evidence. Thus, although the defendant was not afforded his due opportunity to marshal arguments against its admission before it was introduced at trial, he has not shown that any such arguments would have been availing, or would have affected the scope of testimony ultimately presented to the jury. Furthermore, while the defendant suffered "unfair surprise" from the unexpected introduction of this testimony at trial, he was admittedly aware of [the witness's] general version of events before trial, including her and [and a friend's] prior relationships with the defendant, and he has not demonstrated how he would have approached trial or presented his defense differently had he known in advance that [the witness] would be permitted to testify as she did. For instance, the defendant has not suggested that he would have chosen to explore these prior relationships in greater depth with [the witness], nor has he identified or presented offers of proof from any witnesses he might have called in response to her testimony. He also has not suggested that he would have altered or abandoned his theory of fabrication so as to prevent [the witness] from offering this testimony to counter it. We therefore cannot conclude that the defendant suffered outcome-determinative prejudice from the prosecution's failure to follow, and the trial court's failure to apply, MRE 404(b)(2). [Citations, quotation marks, and ellipsis omitted.]

As an initial matter, we see no reason why these same principles would not apply to a notice failure under MCL 768.27a(1). Here, PT actually testified five months earlier against defendant in the Leelanau County CSC trial regarding his sexual assaults. And defendant was made aware of DJ and the sisters-in-law prior to the earlier trial in Leelanau County, considering that proper pretrial notice was given in that case regarding these witnesses. Further, contrary to the situation faced by the defendant in *Jackson* who had no pretrial notice, resulting in "unfair surprise," our defendant was made aware prior to trial of the other-acts witnesses who would be called to testify by the prosecution and their anticipated testimony. There were no true surprises in the second criminal prosecution of defendant, and he was afforded the opportunity to marshal arguments against the admission of the other-acts evidence. Moreover, defendant does not even argue, let alone demonstrate, that proper notice would have altered his theory of defense, his approach at trial in addressing and cross examining the other-acts witnesses, or his calling of witnesses. In sum, defendant did not suffer any outcome-determinative prejudice from the prosecution's failure to comply with the notice provisions in MRE 404(b)(2) and MCL 768.27a(1).

With respect to the substantive decision to admit the evidence, we first turn to MCL 768.27a, which provides:

> (1) Notwithstanding section 27, in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant. . . . .

> (2) As used in this section:

(a) "Listed offense" means that term as defined in section 2 of the sex offenders registration act, 1994 PA 295, MCL 28.722.

(b) "Minor" means an individual less than 18 years of age.

PT and DJ were minors when defendant engaged in sexual misconduct with them, and defendant makes no argument that his actions did not qualify as "listed offenses."[1] MCL 768.27a "permits the use of evidence to show a defendant's character and propensity to commit the charged crime, precisely that which MRE 404(b) precludes." *People v Watkins*, 491 Mich 450, 470; 818 NW2d 296 (2012). "MRE 403 applies to evidence admissible under MCL 768.27a." *Id.* at 486.[2] But the *Watkins* Court cautioned as follows:

> [W]hen applying MRE 403 to evidence admissible under MCL 768.27a, courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect. That is, other-acts evidence admissible under MCL 768.27a may not be excluded under MRE 403 as overly prejudicial merely because it allows a jury to draw a propensity inference. [*Id.* at 487.[3]]

To the extent that defendant challenges PT and DJ's testimony on the basis that it constituted improper propensity evidence, the argument necessarily fails given that MCL 768.27a allows for the admission of evidence regarding a defendant's character and propensities. With regard to defendant's arguments under MRE 403, PT's testimony revealed acts that were comparable to those inflicted by defendant against DT and that occurred close in time to the abuse suffered by DT. The testimony was strong and relevant propensity evidence, showing defendant's sexually-abhorrent tendencies with his minor stepdaughters, and its probative value

---

[1] PT testified, in part, that defendant grabbed her breasts on one occasion and took her hand and placed it on his penis on a different occasion. DJ testified that defendant masturbated in her presence.

[2] MRE 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

[3] The Court provided further elaboration, explaining:

> This does not mean, however, that other-acts evidence admissible under MCL 768.27a may never be excluded under MRE 403 as overly prejudicial. There are several considerations that may lead a court to exclude such evidence. These considerations include (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Watkins*, 491 Mich at 487-488.]

was not substantially outweighed by the danger of unfair prejudice.[4]  There was no abuse of discretion in allowing PT's other-acts testimony.  With respect to DJ's testimony, while it presents a closer call, given that her testimony pertained solely to an act of masturbation by defendant, the evidence was nonetheless probative in regard to defendant's character and his sexual propensities with young female family members, and we cannot conclude that its probative value was substantially outweighed by the danger of unfair prejudice.[5]  There was no abuse of discretion.

In regard to the two sisters-in-law, who testified to acts of exposure, masturbation, and lewd comments by defendant, MRE 404(b)(1) applies.  However, we find it unnecessary to explore whether the trial court erred in admitting their testimony.  Assuming for the sake of argument that the court did err in allowing the evidence to be introduced, defendant has not demonstrated that he incurred any prejudice.  MCL 769.26; *Lukity*, 460 Mich at 495.  Considering the untainted testimony by the victim DT, her sister PT, and their cousin DJ, and given that the case hinged on the jury's assessment of DT's credibility, which assessment was unlikely impacted by the testimony of the sisters-in-law, we hold that any assumed error in admitting their testimony did not undermine the reliability of the verdict, i.e., we cannot find that it was not more probable than not that a different outcome would have resulted absent the assumed error.  *Lukity*, 460 Mich at 495.  Reversal is simply unwarranted.

Defendant next argues that the prosecutor engaged in misconduct and deprived him of a fair trial by vouching for DT's credibility.  Although a prosecutor may not vouch for the credibility of a witness by suggesting that he or she has some special knowledge of the witness's truthfulness, *People v Seals*, 285 Mich App 1, 22; 776 NW2d 314 (2009), a prosecutor is permitted to argue from the facts in evidence that a particular witness is credible or, on the other hand, is not worthy of belief, *People v Unger*, 278 Mich App 210, 240; 749 NW2d 272

---

[4] "Rule 403 does not prohibit prejudicial evidence; only evidence that is unfairly so." *People v Crawford*, 458 Mich 376, 398; 582 NW2d 785 (1998).  And "[e]vidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *Id.*  "In other words, where a probability exists that evidence which is minimally damaging in logic will be weighed by the jurors substantially out of proportion to its logically damaging effect, a situation arises in which the danger of 'prejudice' exists." *People v Mills*, 450 Mich 61, 75-76; 537 NW2d 909 (1995) (citation and quotation marks omitted).  "All evidence offered by the parties is 'prejudicial' to some extent, but the fear of prejudice does not generally render the evidence inadmissible." *Id.* at 75.

[5] Defendant appears to argue that there was inadequate evidence establishing the occurrence of the "other acts" at issue.  There must exist substantial evidence that a defendant committed other bad acts in order for those acts to be admitted into evidence.  *People v Waclawski*, 286 Mich App 634, 673; 780 NW2d 321 (2009).  In light of the direct testimony by the witnesses who suffered the sexual assaults or misconduct perpetrated by defendant, we find no evidentiary problem or abuse of discretion in regard to this particular argument.

(2008). A prosecutor may comment on the credibility of a witness for the state during closing argument, especially when there is conflicting evidence and the question of the defendant's guilt turns on the jury's credibility assessments. *People v Thomas*, 260 Mich App 450, 455; 678 NW2d 631 (2004). Here, the prosecutor did not suggest that she had some special knowledge that DT was testifying truthfully. Rather, in a case that saw the presentation of conflicting testimony in what was ultimately a credibility contest, the prosecutor commented on DT's credibility, and defendant's lack thereof, maintaining that DT was worthy of belief and defendant was not *in light of various pieces of evidence admitted during the trial and the circumstances that they reflected.* Reversal is unwarranted.

In a supplemental brief filed by substitute appellate counsel retained by defendant, he renews the argument concerning the other-acts evidence, which we have rejected for the reasons stated earlier. Defendant also contends that trial counsel was ineffective for not objecting to the prosecutor's closing remarks that vouched for the credibility of DT. Given that we have held that there was no improper vouching, the ineffective assistance claim must also fail, as "[c]ounsel is not ineffective for failing to make a futile objection." *Thomas*, 260 Mich App at 457. Defendant further maintains that two pieces of pornography found on his electronic devices should not have been admitted. Defendant provides no citation to the record showing the admission of the evidence and, in reviewing the record in this case, we are unable to locate any specific reference to the admission of pornographic materials found on defendant's electronic devices. "This Court will not search the record for factual support for a party's claim." *McIntosh v McIntosh*, 282 Mich App 471, 485; 768 NW2d 325 (2009); see also MCR 7.212(C)(7) ("Facts stated must be supported by specific page references to the transcript, the pleadings, or other document or paper filed with the trial court."). Accordingly, the argument is rejected, as defendant fails to identify and establish the factual basis of his argument. *People v Elston*, 462 Mich 751, 762; 614 NW2d 595 (2000). Finally, defendant argues that the trial court erred by refusing to admit evidence of pornography found on DT's phone. Defendant fails to convince us that the evidence did not pertain to "sexual conduct" by DT under the rape-shield statute, MCL 750.520j, nor has defendant adequately established the requisite prejudice, assuming error by the trial court, MCL 769.26; *Lukity*, 460 Mich at 495.

Affirmed.

/s/ Peter D. O'Connell
/s/ William B. Murphy
/s/ Kirsten Frank Kelly