# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GERONIMO LUCAS,

        Defendant-Appellant.

UNPUBLISHED
October 9, 2018

No. 339389
Kent Circuit Court
LC No. 16-011299-FC

Before: BOONSTRA, P.J., and O'CONNELL and TUKEL, JJ.

PER CURIAM.

Defendant, Geronimo Lucas, appeals as of right his conviction following a bench trial for two counts of first-degree criminal sexual conduct, MCL 750.520b(1)(a) (person under age 13). Lucas argues that his convictions rested on insufficient evidence. We disagree, and we affirm.

We review de novo a challenge to the sufficiency of the evidence. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). We "view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt." *People v Kanaan*, 278 Mich App 594, 618; 751 NW2d 57 (2008). The prosecution "is not obligated to disprove every reasonable theory consistent with innocence to discharge its responsibility[.]" *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). "Circumstantial evidence and the reasonable inferences that arise from that evidence can constitute satisfactory proof of the elements of the crime." *People v Henderson*, 306 Mich App 1, 9; 854 NW2d 234 (2014). We will not disturb the fact-finder's credibility determinations. *Kanaan*, 278 Mich App at 619.

In this case, Lucas argues that the prosecution presented insufficient evidence to prove sexual penetration beyond a reasonable doubt. A defendant is guilty of first-degree criminal sexual conduct under MCL 750.520b(1)(a) if he or she sexually penetrates a victim under 13 years of age.[1] Sexual penetration includes "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any

---

[1] Lucas does not dispute that the victim, who was 12 years old at the time of trial, was less than 13 years old when the criminal sexual conduct occurred.

object into the genital or anal openings of another person's body . . . ." MCL 750.520a(r). "Evidence of guilt in child molestation cases is typically hard to come by because in most cases the only witness is the victim, whose testimony may not be available, helpful, or deemed credible because of his or her age." *People v Watkins*, 491 Mich 450, 475; 818 NW2d 296 (2012). The prosecution is not required to corroborate a victim's testimony in criminal sexual conduct cases. MCL 750.520h. "The victim's testimony alone can provide sufficient evidence to support a conviction." *People v DeLeon*, 317 Mich App 714, 719; 895 NW2d 577 (2016). For example, it is reasonable to infer sexual penetration from a child's testimony that the defendant's private part touched her private part where she wipes after urinating and she experienced pain in her private part. *People v Lockett*, 295 Mich App 165, 188; 814 NW2d 295 (2012).

Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could find beyond a reasonable doubt that Lucas sexually penetrated the victim's vaginal and anal openings with his penis. The victim testified that Lucas put his private parts into her rear end and in her front private part, causing her pain and bleeding. The forensic interviewer testified that the victim told her that Lucas put his penis in her back and her front more than ten times. The trial court credited this testimony, which was sufficient for a rational trier of fact to find beyond a reasonable doubt that Lucas sexually penetrated the victim.

In addition, the testimony of the victim's older sister supported the trial court's finding of guilt. She testified that Lucas called her and offered her money not to cooperate with the investigation after he became aware of the police investigation into the victim's allegations. The victim's older sister, who was 23 years old at the time of trial, testified that Lucas had also sexually assaulted her when she was younger. Although the trial court could not find beyond a reasonable doubt that the victim's older sister was under 13 years old when the assault occurred, the trial court credited her testimony that Lucas touched her inappropriately.[2] This testimony further supported the trial court's finding of guilt.

Lucas argues that contradictory witness testimony undermined the victim's credibility. This argument lacks merit. The trial court found the testimony of the victim and her older sister more credible than the testimony of the defense witnesses, who had an obvious motive to lie to protect Lucas. We will not interfere with that credibility determination. Lucas also maintains that the prosecution did not believe the victim because it previously declined to bring charges on the basis of her testimony alone. Absent a claim of abuse of power, we will not second-guess the broad discretion afforded to the prosecution in making charging decisions. *People v Conat*, 238 Mich App 134, 149; 605 NW2d 49 (1999). Moreover, this procedural history has no bearing on the trial court's credibility determinations at trial.

Lucas argues that the prosecution improperly asked the victim leading questions and improperly vouched for the victim's credibility by arguing that she lacked the guile or wit to make up her allegations. Lucas did not object at trial, so these accusations of prosecutorial

---

[2] The trial court acquitted Lucas of the charges of criminal sexual conduct against the victim's older sister because the prosecution only charged Lucas with second-degree criminal sexual conduct with a person under 13 years old, MCL 750.520c(1)(a).

misconduct are reviewable only for plain error affecting Lucas's substantial rights. See *People v Brown*, 279 Mich App 116, 134; 755 NW2d 664 (2008). Lucas has not shown plain error.

The use of leading questions during direct examination is generally prohibited, "except as may be necessary to develop the witness' testimony." MRE 611(d)(1). Trial courts may give the prosecution "a considerable amount of leeway . . . to ask leading questions of child witnesses." *People v Watson*, 245 Mich App 572, 587; 629 NW2d 411 (2001). For this reason, this Court rejected a claim of prosecutorial misconduct when the prosecution asked a leading question of a 13-year-old witness to develop her testimony. *Id*. In this case, the victim initially testified, without prompting, that Lucas touched her private parts. Further, the victim was 12 years old, she had limited English fluency, and she required the assistance of a translator to testify. Therefore, the prosecution reasonably used leading questions to develop the victim's testimony.

We also reject Lucas's argument that the prosecution improperly vouched for the victim's credibility during its closing argument. Although the prosecution may not imply special knowledge of a witness's truthfulness, the prosecution may argue that its witnesses are credible, "especially when there is conflicting evidence and the question of the defendant's guilt depends on which witnesses the jury believes." *People v Thomas*, 260 Mich App 450, 455; 678 NW2d 631 (2004). Moreover, in a bench trial, a "judge, unlike a juror, possesses an understanding of the law which allows him to ignore such errors and to decide a case based solely on the evidence properly admitted at trial." *People v Taylor*, 245 Mich App 293, 305; 628 NW2d 55 (2001) (quotation marks and citation omitted). In this case, the prosecution argued that the victim lacked the guile and wit necessary to fabricate her accusations against Lucas. The prosecution did not claim to have special knowledge about the victim's truthfulness. In addition, the trial court observed the victim's testimony and could determine for itself whether the victim might have fabricated the allegations. In conclusion, viewed in the light most favorable to the prosecution, we conclude that a rational trier of fact could find beyond a reasonable doubt that Lucas sexually penetrated the victim.

We affirm.

/s/ Mark T. Boonstra
/s/ Peter D. O'Connell
/s/ Jonathan Tukel