PEOPLE v THOMAS

Docket No. 243817. Submitted January 7, 2004, at Detroit. Decided February 3, 2004, at 9:05 A.M. Leave to appeal sought.

Carl Thomas was convicted by a jury in the Wayne Circuit Court, Craig S. Strong, J., of possession with intent to deliver more than fifty, but less that 225 grams of cocaine, and was sentenced to ten to twenty years' imprisonment. The defendant appealed, alleging prosecutorial misconduct, ineffective assistance of counsel, and that the court erred in denying his motion to be resentenced pursuant to the amended sentencing provisions of MCL 333.7401(2)(a)(iii) effective after his conviction and sentencing, which eliminated the mandatory minimum sentence of ten years previously provided for a violation of subsection 7401(2)(a)(iii).

The Court of Appeals *held*:

1. The claims of prosecutorial misconduct must be reviewed for plain error that affected the defendant's substantial rights because the defendant failed to object to the prosecutor's statements at trial. The prosecutor's comments, taken in context, were fair comments on the evidence and were responsive to the defendant's arguments. Any error could have been cured by a proper instruction, had one been requested. The defendant failed to establish outcome-determinative plain error. Defense counsel was not ineffective for failing to make futile objections to the prosecutor's proper comments.

2. Amendments of statutes are generally presumed to operate prospectively unless the Legislature clearly manifests a contrary intent. The Legislature specifically provided relief, in the form of early parole eligibility, for defendants who were convicted and sentenced before the amendments of MCL 333.7401(2)(a)(iii) and MCL 791.234 became effective. The Legislature declined to specifically apply the amended sentencing provisions of MCL 333.7401(2)(a)(iii) retroactively.

Affirmed.

SENTENCES — AMENDMENT OF SENTENCING STATUTES.

The amendment of MCL 333.7401(2)(a)(iii), effective March 1, 2003, that eliminated the prior mandatory minimum sentence of ten years' imprisonment for a violation of subsection 7401(2)(a)(iii)

does not apply retroactively; defendants convicted and sentenced for a violation of subsection 7401(2)(a)(iii) before the effective date of the amendment are eligible for early parole pursuant to MCL 791.234.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Michael E. Duggan*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Valerie M. Steer*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Jacqueline J. McCann*) for the defendant on appeal.

Before: OWENS, P.J., and SCHUETTE and BORRELLO, JJ.

OWENS, P.J. Defendant appeals as of right from his conviction by a jury of possession with intent to deliver more than fifty, but less than 225 grams of cocaine, MCL 333.7401(2)(a)(iii). Defendant was sentenced to ten to twenty years' imprisonment. We affirm.

On June 30, 2000, Detroit police officers executed a search warrant at 9122 Pinehurst in the city of Detroit. The officers found defendant sitting in the living room and they found a key ring with several keys on it during a search of his front pocket. Two of the keys matched locks in the apartment; one fit the front door and one unlocked a padlock on a closet door in one of the bedrooms. Inside the locked closet, the police found a large shopping bag containing eight individual sandwich bags, each containing cocaine, and over $10,000 in cash. The cocaine weighed slightly over 201 grams and had an estimated street value of $20,000. The police also found scales and more sandwich bags on the dining room table.

The police discovered paperwork and identification with defendant's name on it in the bedroom with the locked closet. These articles listed several different addresses for defendant, but at least four pieces indicated defendant's address was 9122 Pinehurst. No other documents identifying a different resident were found in the apartment.

At trial, defendant denied that he lived at 9122 Pinehurst and denied any knowledge, possession, or ownership of the cocaine discovered there. Defendant claimed that his daughter lived at that address with her mother, Scheherezade Taylor, and that he was merely there to pick her up. He denied having keys to the apartment or the padlock. He explained the papers listing his address as 9122 Pinehurst by claiming that he helped pay for repairs and maintenance on Taylor's car, and he further claimed that other documents with his name were taken from his car or his wallet, not from the bedroom in the apartment.

During cross-examination, defendant repeatedly accused the police officers of lying. He specifically claimed that they lied about finding the documents in the bedroom and the drugs in the closet, and about the keys. He further insisted that the police stole his wallet. Defendant also presented the testimony of Taylor and her mother. Both women accused the police of lying. Taylor claimed the padlock was broken and that no cocaine or measuring scales were in the apartment. Her mother testified that the police brought a bag with cocaine out of the basement, not from the bedroom. The jury rejected this testimony and found defendant guilty.

Defendant was sentenced on April 24, 2002. On January 21, 2003, he moved in propria persona for resentencing, claiming that the penalty provision of MCL

333.7401(2)(a)(iii) had been amended after his conviction to eliminate the mandatory minimum sentence of ten years. He argued that he should be resentenced under the amended penalty provision to a sentence within the sentencing guidelines. On March 10, 2003, a second motion for resentencing raising the same claim was filed on his behalf by counsel. The trial court denied defendant's motion, stating that the amended statute did not invalidate defendant's sentence or require resentencing. The court reasoned that statutes are presumed to operate prospectively unless the Legislature manifests a contrary intent and that there was no language in the statute expressing a legislative intent that the amendment was intended to be retroactive.

Defendant first contends that the prosecutor committed misconduct during his closing argument by vouching for the credibility of the prosecution's case when he explained that the search warrant used by the police to gain entrance to defendant's house was a court order signed by a judge after the judge determined that there were enough facts to support the warrant. Defendant also argues that the prosecutor vouched for the credibility of the police officer who obtained the warrant by stating that the officer was the affiant to the search warrant and that he worked for the Executive Protection Unit that was responsible for the mayor's safety. Finally, defendant claims that the prosecutor committed misconduct by appealing to the jury's sense of civic duty.

Where issues of prosecutorial misconduct are preserved, we review them de novo to determine if the defendant was denied a fair and impartial trial. *People v Ackerman*, 257 Mich App 434, 448; 669 NW2d 818 (2003). But defendant failed to object to the pros-

ecutor's statements; therefore, we review his claims for plain error that affected his substantial rights. *Id.* We will reverse only if we determine that, although defendant was actually innocent, the plain error caused him to be convicted, or if the error "seriously affected the fairness, integrity, or public reputation of judicial proceedings," regardless of his innocence. *Id.* at 449.

The prosecutor's remarks concerning the signing of the search warrant did not imply that the judge had special knowledge of the case or that the judge's decision to issue the warrant constituted a judicial expression of support for the prosecutor's case. The prosecutor was merely stating that the police had obtained a search warrant and that they followed proper procedures to obtain the warrant. These facts were already in evidence and the prosecutor is permitted to argue the evidence and all reasonable inferences arising from it. *People v Schutte*, 240 Mich App 713, 721; 613 NW2d 370 (2000).

Furthermore, we consider issues of prosecutorial misconduct on a case-by-case basis by examining the record and evaluating the remarks in context, and in light of defendant's arguments. *Id.* Defendant argued that the police were lying and that the charges were a "set up." The prosecutor's remarks were properly responsive to defendant's theory of the case. Also, the trial court instructed the jurors that they must decide the case on the evidence and that the remarks of counsel were not evidence. This instruction was sufficient to eliminate any prejudice that might have resulted from the prosecutor's remarks. *People v Bahoda*, 448 Mich 261, 281; 531 NW2d 659 (1995); *People v Green*, 228 Mich App 684, 693; 580 NW2d 444 (1998).

Regarding defendant's claim that the prosecutor vouched for the credibility of a police witness, a prosecutor may not vouch for the credibility of his witnesses by implying that he has some special knowledge of their truthfulness. *Bahoda, supra* at 276. But a prosecutor may comment on his own witnesses' credibility during closing argument, especially when there is conflicting evidence and the question of the defendant's guilt depends on which witnesses the jury believes. *People v Flanagan*, 129 Mich App 786, 796; 342 NW2d 609 (1983).

Considered in context, the prosecutor was not implying that he had some special knowledge of the truthfulness of the police officer. In fact, the prosecutor made no comments at all about his personal knowledge or belief regarding the truthfulness of the police witnesses; he merely argued that the officers had no reason to lie. The prosecutor argued that lying on the stand would cost the officer his career and his position with the Executive Protection Unit. His comments emphasizing that the police utilized proper procedures to obtain a valid search warrant were also responsive to defendant's argument that he was the victim of a police conspiracy. Considered in context, and given their responsive nature, the prosecutor's comments were not improper. *People v Duncan*, 402 Mich 1, 16; 260 NW2d 58 (1977); *People v Vaughn*, 200 Mich App 32, 39; 504 NW2d 2 (1993). Furthermore, any prejudice caused by the remarks could have been alleviated by a curative instruction given on a timely objection. *Ackerman, supra* at 449.

Regarding defendant's final claim of prosecutorial misconduct, it is improper for a prosecutor to appeal to the jury's civic duty by injecting issues broader than guilt or innocence or encouraging jurors to sus-

pend their powers of judgment. *Bahoda, supra* at 282-283; *People v Truong (After Remand)*, 218 Mich App 325, 340; 553 NW2d 692 (1996). However, a prosecutor is given great latitude to argue the evidence and all inferences relating to his theory of the case. *Bahoda, supra* at 282. It is clear that the defense theory was that the police officers were lying and that this was a police conspiracy to falsely convict him. The prosecutor responded to this theory by arguing that the officers had no motive to lie. Taken in context, these statements were a fair comment on the evidence and were responsive to defendant's arguments. *Duncan, supra*.

Once again, to the extent that the prosecutor's comments crossed the line into a civic duty argument, any minimal prejudice was cured by the trial court's instructions that the jury had to decide the case on the evidence and that the remarks of counsel were not evidence. *Bahoda, supra* at 281. We therefore conclude that defendant has failed to establish that the prosecutor's responsive comments constituted outcome-determinative plain error.

Defendant next contends that his trial counsel's failure to object to the prosecutor's comments deprived him of the effective assistance of counsel. To establish a deprivation of his right to effective assistance of counsel, defendant was required to demonstrate that his trial counsel's performance fell below an objective standard of reasonableness, and that the representation so prejudiced him as to deprive him of a fair trial. *People v Pickens*, 446 Mich 298, 303; 521 NW2d 797 (1994). Defendant failed to move for a new trial or evidentiary hearing on this claim, so our review is limited to the existing record. *People v Sabin (On Second Remand)*, 242 Mich

App 656, 658; 620 NW2d 19 (2000), citing *People v Marji*, 180 Mich App 525, 533; 447 NW2d 835 (1989).

We have determined that the prosecutor's comments were not improper. Taken in context, each statement was a valid comment on the evidence or a proper response to defendant's theory of the case. Because the comments were proper, any objection to the prosecutor's arguments would have been futile. Counsel is not ineffective for failing to make a futile objection. *People v Milstead*, 250 Mich App 391, 401; 648 NW2d 648 (2002). Furthermore, defendant is required to demonstrate prejudice to obtain relief on a claim of ineffective assistance. *Pickens, supra* at 327. We have concluded that any minimal prejudice was alleviated by the trial court's instruction to the jury that the case was to be decided on the evidence and that the comments of counsel were not evidence. Therefore, defendant has failed to carry his burden of demonstrating ineffective assistance.

Defendant finally claims that he should have been resentenced under the amended sentencing provisions of MCL 791.234 and MCL 333.7401(2)(a)(iii). Defendant relies on our Supreme Court's decision in *People v Schultz*, 435 Mich 517; 460 NW2d 505 (1990), where a plurality of the Court concluded that the defendant was entitled to be resentenced under the amended sentencing provisions of MCL 333.7401(2)(a)(iii).[1] We disagree and conclude that *Schultz* is inapplicable.

---

[1] We note that, because the *Schultz* decision was a plurality in which a majority of the justices did not agree on the reasoning, we are not bound under stare decisis by that decision. *People v Gahan*, 456 Mich 264, 274; 571 NW2d 503 (1997), quoting *Negri v Slotkin*, 397 Mich 105, 109; 244 NW2d 98 (1976).

The determination whether a statute should be applied retroactively is a legal issue that is reviewed de novo. *Frank W Lynch & Co v Flex Technologies, Inc*, 463 Mich 578, 583; 624 NW2d 180 (2001); *People v Morey*, 461 Mich 325, 329; 603 NW2d 250 (1999). Our concern is to ascertain and give effect to the legislative intent as expressed by the plain language of the statute. *Id.* at 329-330. Where the language used is unambiguous, "we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written." *Id.* at 330.

The trial court sentenced defendant under the version of MCL 333.7401(2)(a)(iii) in effect at the time of the sentencing, which provided a punishment of "not less than 10 years nor more than 20 years." Effective March 1, 2003,[2] the punishment provision was amended to provide for "imprisonment for not more than 20 years or a fine of not more than $250,000.00, or both." The Legislature also amended MCL 791.234 by adding subsection 34(12), which states:

> An individual convicted of violating or conspiring to violate section 7401(2)(a)(iii) or 7403(2)(a)(iii) of the public health code . . . before the effective date of the amendatory act that added this subsection is eligible for parole after serving the minimum of each sentence imposed for that violation or 5 years of each sentence imposed for that violation, whichever is less.

"Amendments of statutes are generally presumed to operate prospectively unless the Legislature clearly manifests a contrary intent." *Tobin v Providence Hosp*, 244 Mich App 626, 661; 624 NW2d 548 (2001),

---

[2] Defendant was sentenced on April 24, 2002.

citing *Selk v Detroit Plastic Products*, 419 Mich 1, 9; 345 NW2d 184 (1984). We observe that there is no language in either amended statute indicating that the elimination of the mandatory minimum sentence in MCL 333.7401(2)(a)(iii) was intended to apply to defendants who committed their offenses and were sentenced before March 1, 2003. Additionally, we note that the plain language of MCL 791.234 specifically provides that individuals *previously convicted* under MCL 333.7401(2)(a)(iii) may become eligible for parole "after serving the minimum of each sentence imposed for that violation or 5 years of each sentence imposed for that violation, whichever is less."

It appears plain that the Legislature has specifically provided relief—in the form of early parole eligibility—for individuals, such as defendant, who were convicted and sentenced before the amendatory act became effective. Because the Legislature declined to specifically apply the amended sentencing provisions of MCL 333.7401(2)(a)(iii) retroactively and instead specifically provided early parole eligibility to such defendants, we decline defendant's invitation to ignore the plain language of the statute.[3]

Affirmed.

---

[3] We further observe that the trial court noted that defendant had a previous conviction of possession of cocaine; that when he was arrested in this case, he also possessed a substantial quantity of marijuana, a gun, and $10,562 in cash; and that he had "two active misdemeanor warrants . . . for disorderly conduct and no insurance." Unlike the defendant in *Schultz, supra* at 520-521, 532, defendant is not a young, first-time offender deserving of the ameliorative effect of the legislative amendment.