# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

KEVIN ONEIL WALKER, JR.,

      Defendant-Appellant.

UNPUBLISHED
February 23, 2016

No. 324252
Ottawa Circuit Court
LC No. 14-038378-FH

Before: MURPHY, P.J., and WILDER and BORRELLO, JJ.

PER CURIAM.

Defendant, Kevin Oneil Walker, Jr., appeals as of right his jury trial conviction for assault by strangulation, MCL 750.84(1)(b). He was sentenced to 270 days in jail. We affirm.

This case arises out of an incident between defendant and the female victim with whom defendant had an on-and-off relationship. On February 9, 2014, defendant wrapped his arm around the victim's throat. The victim struggled to get away, but she could not. The victim testified that she thought that she was going to die and that she believed she lost consciousness. The victim remained in the same apartment with defendant after the assault and did not notify police until a day later. The investigating police officer did not notice any physical marks or bruises on the victim's neck at the time she reported the assault.

At trial, defense counsel cross-examined the victim about the veracity of her story and her delayed reporting of the crime. Defendant also called three character witnesses to the stand, who opined that the victim was not a truthful person. The prosecution introduced one character witness, who opined that the victim was a truthful person. In her closing argument, the prosecutor made several comments about the victim's credibility:

> But this is about you judging [the victim], not about what other people think of all these people. It's about what you saw today what you think happened on that day and I submit to you it happened exactly as [the victim] said.

> \* \* \*

> And if you believe her, if you think she is a credible witness, and I submit to you there's no reason not to believe her, you will convict the defendant and find him guilty.

-1-

* * *

> If you believe her, you convict the defendant. I submit to you you have no reason not to. I submit to you her story for her life makes sense.

On appeal, defendant challenges these statements and argues that they constituted improper vouching for the credibility of the victim. We disagree.

Defendant's argument is unpreserved because he did not object to the prosecutor's remarks. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). We review unpreserved claims of prosecutorial misconduct for plain error affecting defendant's substantial rights. *Id.* "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Once these requirements are satisfied, an appellate court must still exercise its discretion in deciding whether to reverse, and reversal is only warranted when the plain error resulted in the conviction of an actually innocent defendant, or when the error seriously affected the fairness, integrity, or public reputation of the proceedings independent of the defendant's innocence. *Id.*

"[T]he test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial" as a result of the prosecutor's conduct. *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). Prosecutorial misconduct is reviewed on a case by case basis, and we "must examine the entire record and evaluate a prosecutor's remarks in context." *Id.* at 64. "The propriety of a prosecutor's remarks depends on all the facts of the case." *People v Rodriguez*, 251 Mich App 10, 30; 650 NW2d 96 (2002). "A prosecutor's comments are to be evaluated in light of defense arguments and the relationship the comments bear to the evidence admitted at trial." *Dobek*, 274 Mich App at 64. A "prosecutor cannot vouch for the credibility of his witnesses to the effect that he has some special knowledge concerning a witness' truthfulness." *People v Bahoda*, 448 Mich 261, 276; 531 NW2d 659 (1995). However, "a prosecutor may comment on his own witnesses' credibility during closing argument, especially when there is conflicting evidence and the question of the defendant's guilt depends on which witnesses the jury believes." *People v Thomas*, 260 Mich App 450, 455; 678 NW2d 631 (2004). "The prosecutor is free to argue from the evidence and its reasonable inferences in support of a witness's credibility." *Bennett*, 290 Mich App at 478.

In this case, when evaluating the comments in context, the prosecutor's remarks did not rise to the level of misconduct or error. The first challenged statement was responsive to defendant's three character witnesses, who testified that the victim was not a truthful person. Before making the first statement, the prosecutor told the jury that it was up to the jurors to determine who was credible, and the prosecutor argued using the evidence from her cross-examination that the character witnesses were not to be believed because of their close, familial relationship with defendant. The second challenged statement was responsive to the cross-examination of the victim, specifically, that the victim waited a day to report the attack to police and the lack of physical evidence. The prosecutor argued that even without physical evidence, the testimony of the victim, if the jury believed her, would be enough to convict defendant. Viewed in context, the prosecutor was acknowledging holes in her case—the delayed reporting and lack of physical evidence—and explaining that the victim's testimony filled those holes.

-2-

The third challenged statement, made during rebuttal, was directly in response to defense counsel's closing argument that the victim's testimony was unreliable, unbelievable, and illogical. The prosecutor's third statement explained why the victim's testimony was logical, reasonable, and "ma[d]e sense."

None of these statements constituted improper vouching. The fact that the prosecutor stated "I submit" in all three of the statements did not make the statements improper, because the crucial inquiry is not whether the prosecutor used "magic words," such as "I know" or "I believe," but rather, whether the prosecutor was improperly vouching by suggesting possession of extrajudicial information. *People v Reed*, 449 Mich 375, 399; 535 NW2d 496 (1995). The prosecutor never indicated that she had personal or special knowledge, or possessed extrajudicial information, that the victim was credible. Moreover, in light of defendant's opening statement asserting that the victim fabricated the assault, the testimony by defendant's impeachment witnesses opining that the victim was untruthful, and defendant's closing argument attacking the victim's veracity, the prosecutor was free to argue from the evidence that the victim was credible despite the testimony and arguments to the contrary. *Dobek*, 274 Mich App at 64. Looking at all of the facts in the case, *Rodriguez*, 251 Mich App at 30, the prosecutor did not improperly vouch for the victim's credibility, and, therefore, there was no plain error, *Carines*, 460 Mich at 763. Furthermore, defendant has entirely failed to establish the requisite prejudice flowing from the three brief statements, assuming prosecutorial misconduct or error.

Defendant also argues that he was denied the effective assistance of counsel because defense counsel failed to object to the three statements challenged on appeal. Because the statements did not reflect improper vouching, any objection defense counsel would have made would have been meritless. "Counsel is not required to raise meritless or futile objections." *People v Moorer*, 262 Mich App 64, 76; 683 NW2d 736 (2004). Accordingly, defendant was not denied the effective assistance of counsel.

Affirmed.


/s/ William B. Murphy
/s/ Kurtis T. Wilder
/s/ Stephen L. Borrello

-3-