# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JAMES IRVING BRYANT,

        Defendant-Appellant.

UNPUBLISHED
April 26, 2016

No. 324881
Allegan Circuit Court
LC No. 14-018727-FC

Before: SAAD, P.J., and BORRELLO and GADOLA, JJ.

PER CURIAM.

Defendant, James Irving Bryant, was convicted by a jury of three counts of first-degree criminal sexual conduct (count one, digital penetration of a person under thirteen; counts two and three, penis-vagina penetration of a person under thirteen), MCL 750.520b(1)(a), individual 17 years of age or older against an individual less than 13 years of age, MCL 750.520b(2)(b). Defendant was sentenced to 26 to 39 years' imprisonment for count one, 30 to 45 years' imprisonment for count two, and 36 to 54 years' imprisonment for count three, with the sentences to run concurrently. Defendant now appeals as of right, and for the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

On November 13, 2014, a member of defendant's household reported to a counselor that defendant had been sexually assaulting her. The complainant alleged that while her parent was at work, defendant would sexually assault her. At the time that the incidents occurred in Allegan, Michigan, complainant was 11 years old. The family moved quite a bit, and after complainant told police her story, she recanted. According to the complainant, who was now living in Kentucky, she was lying about defendant because she was angry at him for not allowing her to go to her friend's house. Shortly thereafter, complainant again recanted explaining that her original version of events was accurate and that she had lied before to make her sister and mother "feel better." However, complainant testified that she felt compelled to return to her original version of events to ensure that defendant did not sexually assault her ever again.

Prior to trial, the prosecution filed notice of its intent to admit other acts pursuant to MCL 768.27a. The prosecution sought to introduce evidence of multiple acts of sexual penetration that defendant committed on his stepsister, when she was under 13 years of age. The notice was granted, permitting this evidence to be admitted. Additionally, at the beginning of trial, before

-1-

voir dire, defense counsel successfully argued, over the prosecution's objection, to be able to ask a particular line of questioning on cross-examination of the prosecution's 768.27a witness, as to whether she previously reported similar conduct committed by defendant's brother, Horace Junior, during the same time frame that defendant allegedly assaulted her but did not report misconduct by defendant at the same time. The trial court prohibited extrinsic evidence on the matter of the witness's prior reports.

At trial, the prosecution introduced the testimony of defendant's stepsister who as an other-acts witness under MCL 768.27a, testified that defendant had inappropriate sexual contact with her when she was 11 and 12 years old. According to the stepsister, the incidents took place during 1997-1999 when she and defendant lived together as a family. According to the stepsister, on more than one occasion during this time period, she woke up in her bed with defendant lying next to her, rubbing her leg, and touching her vagina. She testified that she was able to identify him by his demeanor, smell, and cologne.

During deliberations, the jury requested an opportunity to review the victim's testimony and the trial court permitted the jury to view the video and audio of the testimony in its entirety. The jury found defendant guilty of three counts of first-degree criminal sexual conduct and the trial court sentenced defendant as noted earlier.

## II. ANALYSIS

Defendant argues that the testimony of his stepsister should have been excluded under MRE 403 because the evidence was unfairly prejudicial. Defense counsel did not object to the evidence. In fact, he agreed to its admission. Therefore, this issue is waived. "[W]aiver is the intentional relinquishment or abandonment of a known right." *People v Carines*, 460 Mich 750, 762 n 7; 597 NW2d 130 (1999), quoting *United States v Olano*, 507 US 725, 733; 113 S Ct 1770; 123 L Ed 2d 508 (1993) (quotation marks omitted).

However, because defendant also raises this issue in the context of his ineffective assistance of counsel claim, we will address it on the merits. When a criminal defendant is charged with a listed sexual offense against a minor, MCL 768.27a permits evidence of the defendant's other acts constituting listed sexual offenses against minors to be admitted for any relevant purpose, including the defendant's propensity for committing such acts. *People v Watkins*, 491 Mich 450, 470-472; 818 NW2d 296 (2012). "[E]vidence admissible under MCL 768.27a remains subject to MRE 403, which provides that a court may exclude relevant evidence if the danger of unfair prejudice, among other considerations, outweighs the evidence's probative value." *Id*. at 456. But "courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect" when applying MRE 403 to MCL 768.27a evidence. *Id*. at 487. The following non-exhaustive list of considerations may be evaluated in the MRE 403 analysis:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for

> evidence beyond the complainant's and the defendant's testimony. [*Watkins*, 491 Mich at 487-488.]

The record clearly reveals that defendant was charged with listed sexual offenses against his minor stepdaughter, and the other acts evidence involved listed sexual offenses against his stepsister when she was a minor. Further, the evidence was highly probative of defendant's propensity for sexually abusing young female family members. The prior-acts witness testified that defendant sexually penetrated her with his fingers and penis on multiple occasions when she was 11 and 12 years old. She further testified that defendant was her stepbrother and that she and defendant lived in the same house when the abuse occurred. This testimony demonstrated defendant's inclination for sexually abusing young females in his family. The propensity inference that can be drawn from this testimony must be considered indicative of probative value rather than prejudicial effect. *Watkins*, 491 Mich at 487. Moreover, the prior-acts testimony supported the victim's credibility. *Id*. at 492, 464-465 (finding, in the consolidated case of *People v Pullen*, that the trial court had misapplied the MRE 403 test in the MCL 768.27a context by "fail[ing] to weigh in favor of the evidence's probative value the extent to which the other-acts evidence [allegations that the defendant had sexually abused his daughter over 20 years ago] supported the victim's [the defendant's granddaughter] credibility and rebutted the defense's attack thereof"). Here, showing that defendant had a propensity for sexually abusing young female family members through the prior-acts testimony made the victim's testimony more believable. The other-acts evidence was also important to the victim's testimony because there was no physical evidence of the sexual abuse and the veracity of the victim's story needed support in light of her recantation and re-disclosure of the abuse allegations. See *People v Duenaz*, 306 Mich App 85, 100; 854 NW2d 531, (2014) ("The evidence of the similar assault against the other victim was very probative and important to the prosecution's case, especially because defendant was able to claim a lack of physical evidence of sexual assault based on [the doctor's] examination.") For all of the above reasons, the prior-acts evidence was highly probative. See *Watkins*, 491 Mich at 491 ("In addition to being probative because of the propensity inference, the other-acts evidence also supported the victim's credibility, presented circumstances similar to those underlying the charged offense, and established [the defendant's] modus operandi.")

Additionally, consideration of the *Watkins* factors does not demonstrate that the testimony was unfairly prejudicial. The acts described by the prior-acts witness and the victim were very similar: both individuals were under the age of 13 and lived in the same home as defendant at the time of the abuse, both were family members of defendant, both were not blood relatives of defendant, both described the same kinds of sexual penetration, and both described multiple occasions of abuse. The strong similarity between the facts and circumstances of the abuse described by both the prior-acts witness and the victim assisted the trier of fact in establishing defendant's pattern of child sexual abuse. The similarity between the charged acts and other-acts testimony supports admission. *Duenaz*, 306 Mich App at 100; *Watkins*, 491 Mich at 492. The frequency of the prior acts and the strong need for other-acts evidence in this case also support admissibility. While the remaining *Watkins* factors do not favor admissibility, they also do not support a risk of unfair prejudice that substantially outweighs the high probative value.

On appeal, defendant further argues that allegations of sexual abuse of minors create a strong response in the minds of jurors. Therefore, defendant argues, use of other bad acts evidence can lead a jury to convict simply on the basis of the other acts rather than the crime which defendant was charged. However, defendant's argument for exclusion ignores the *Watkins* Court's explanation of the proper application of MRE 403. Moreover, the trial court also gave the appropriate limiting instruction to the jury, M Crim JI 20.28a, which explains that the jury cannot convict based solely on a conclusion that the defendant committed other bad acts. This instruction exists to "ensure that the jury properly employs [768.27a] evidence." *Watkins*, 491 Mich at 490. "It is well established that jurors are presumed to follow their instructions." *People v Graves*, 458 Mich 476, 486; 581 NW2d 229, 234 (1998). In sum, the high probative value of the MCL 768.27a testimony was not outweighed by a risk of unfair prejudice, and it was admissible.

Defendant also argues on appeal that he was denied effective assistance of counsel as related to the MCL 768.27a testimony. The evidence was clearly admissible and an objection in the trial court would have been unsuccessful. "Counsel is not ineffective for failing to make a futile objection." *People v Thomas*, 260 Mich App 450, 457; 678 NW2d 631 (2004). See also *People v Masroor*, __ Mich __, __; __ NW2d __ (2015) (Docket No. 322280); slip op at 5 (finding counsel was not constitutionally ineffective for failing to make a cogent argument for exclusion of MCL 768.27a evidence where appellate counsel was also unable to show why the evidence should have been excluded and the Court was confident that the other-acts evidence would have been admitted even if defense counsel had made an effective argument).

Even if we were to assign error to counsel's stipulation to the 768.27a evidence, defendant still cannot show that but for the stipulation, the result would have been different. Presuming defense counsel would have objected, as previously indicated, any objection would have been futile given our Supreme Court's decisions in this area. Additionally, defendant cannot demonstrate that but for defense counsel's stipulations, the result would have been different. *Id.*

Affirmed.

/s/ Henry William Saad
/s/ Stephen L. Borrello
/s/ Michael F. Gadola

-4-