*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

WILLIAM RAYMOND SWEENEY, JR.,

Defendant-Appellant.

UNPUBLISHED
February 21, 2019

No. 339500
Wayne Circuit Court
LC No. 17-000174-01-FH

Before: GLEICHER, P.J., and K. F. KELLY and LETICA, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of three counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (sexual contact with a victim less than 13 years of age). Defendant was sentenced to concurrent sentences of 4 to 15 years' imprisonment for each of the three CSC-II convictions. We affirm.

## I. BASIC FACTS

This case arises out of defendant's commission of multiple sexual assaults against the victim, his non-biological granddaughter, between 2013 through 2015. The victim was between the ages of 7 and 10 when the sexual assaults occurred. She would visit and stay overnight at a home defendant shared with the biological grandmother. Defendant sexually assaulted the victim on at least 20 separate occasions during that time when the victim stayed the night at the home.

## II. PROSECUTORIAL MISCONDUCT

Defendant argues that he was denied a fair trial when the prosecutor improperly vouched for the victim's credibility. We disagree.

Defendant did not timely object or request a curative instruction; therefore, the issue is unpreserved. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Unpreserved claims of prosecutorial misconduct are reviewed under the plain error standard. *People v Unger*, 278 Mich App 210, 235; 749 NW2d 272 (2008). "A defendant pressing an unpreserved claim of

error must show a plain error that affected substantial rights." *People v Lechleitner*, 291 Mich App 56, 59; 804 NW2d 345, 347 (2010), citing *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

"Given that a prosecutor's role and responsibility is to seek justice and not merely convict, the test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). The propriety of a prosecutor's remarks depends on the facts of each case, so a prosecutor's remarks "must be read as a whole and evaluated in light of defense arguments and the relationship they bear to the evidence admitted at trial." *People v Callon*, 256 Mich App 312, 330; 662 NW2d 501 (2003). "The prosecution has wide latitude in arguing the facts and reasonable inferences, and need not confine argument to the blandest possible terms." *Dobek*, 274 Mich App at 66. Prosecutors must refrain from vouching for a witness's credibility by implying that the prosecutor has some "special knowledge" of the witness's truthfulness. *People v Thomas*, 260 Mich App 450, 455; 678 NW2d 631 (2004). However, "a prosecutor may comment on his own witnesses' credibility during closing argument, especially when there is conflicting evidence and the question of the defendant's guilt depends on which witnesses the jury believes." *Id*.

The prosecutor made the following statements during closing arguments:

This is one of those cases in which the only evidence that we're going to have is the testimony of a little girl who has absolutely no motive to lie.

* * *

He was her grandfather. Their own witness on the stand said he bought her everything she asked for. He bought her an eight hundred dollar [h]overboard. He bought her diamond earrings.

Now, whether you want to believe that th[ose] w[ere] hush gifts or not, the point is, for a little girl[,] who is the only grandchild in the family, she's got this grandfather who adores her[,] who fawns all over her, who she takes naps with and sleeps with, and takes her places and buys her things, why would [the victim] ever make up a story about [defendant] that's so horrible?

This little girl has no reason to lie, has no reason to make this story up.

* * *

Believe me, if she had said something inconsistent about what had happened, it would have come out during trial. You would have heard about it. It would have been read from a transcript.

The prosecutor did not improperly vouch for the victim's credibility. The prosecutor did not assert that she had any specialized knowledge about the victim's credibility. The prosecutor merely asserted that the victim had no reason or motive to lie about defendant's multiple sexual assaults against her. The prosecutor argued that the victim lacked the motivation to lie about the sexual assaults because the victim's disclosure about the sexual assaults would mean that she

-2-

would no longer be able to see defendant—the victim's nonbiological grandfather—or receive gifts from defendant. Further, defense counsel, throughout the course of the trial, attempted to impeach the victim's credibility by pointing out inconsistencies between the victim's earlier interview with Kids-TALK and the victim's trial testimony. In fact, defense counsel questioned the victim's veracity by asking whether she understood what it meant to tell the truth. Therefore, the prosecutor was not vouching for the victim's credibility; instead, the prosecutor was responding to defense counsel's attempt to impeach the victim's credibility. Thus, no plain error occurred.

Additionally, even if these statements constituted improper vouching, the trial court's jury instruction sufficiently cured any potential prejudice that defendant may have incurred as a result of the prosecutor's statements. See *People v Thomas*, 260 Mich App 450, 453-455; 678 NW2d 631 (2004). Specifically, the trial court instructed the jury that "[t]he lawyers' statements and arguments and any commentary are not evidence. They are only meant to help you understand the evidence and each side's legal theories." The trial court further instructed the jurors that they alone must decide the credibility of each witness. Thus, the trial court's jury instruction cured any potential prejudice to defendant caused by the prosecutor's statements.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Anica Letica