*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
May 21, 2019

v

JUAN JOSE DEL CID,

Defendant-Appellant.

No. 342402
Ottawa Circuit Court
LC No. 16-040357-FC

Before: SHAPIRO, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM.

Defendant appeals his convictions following a jury trial of two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(2)(b) (sexual penetration of a person less than 13 years of age by a defendant 17 years of age or older); MCL 750.520b(1)(b)(*i*) (sexual penetration of a person at least 13 but less than 16 years of age and a member of the same household). We affirm.

Defendant's convictions stem from allegations that he sexually abused his girlfriend's daughter multiple times over a period of approximately two years. The complainant testified at trial that defendant began having sex with her when she 12 years old and continued to do so until she disclosed the abuse when she was 14 years old. Defendant testified and denied the allegations.

At issue in this appeal is the testimony of Dr. Debra Simms, who was qualified at trial as an expert in "child abuse pediatrics." Dr. Simms conducted a physical exam of the complainant after the allegations arose. Dr. Simms stated that the complainant's physical examination was "normal," but explained that this was not unusual for a victim of sexual abuse. Dr. Simms could neither confirm nor deny that the complainant had had sexual intercourse. Based on the history received, Dr. Simms diagnosed the complainant with "possible pediatric sexual abuse."

Defendant argues that the trial court erred when it permitted this testimony and that defense counsel was ineffective for failing to object to it. We disagree.[1]

"Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." MRE 704. Generally, in childhood sexual abuse cases "(1) an expert may not testify that the sexual abuse occurred, (2) an expert may not vouch for the veracity of a victim, and (3) an expert may not testify whether the defendant is guilty." *People v Peterson*, 450 Mich 349, 352; 537 NW2d 857 (1995), amended on other grounds 450 Mich 1212 (1995).

Contrary to defendant's argument, Dr. Simms did not state a finding of sexual abuse or even probable abuse. She stated that she agreed with the prosecutor that the complainant may have been sexually abused despite there being no physical evidence upon examination. We fail to see how this amounts to Dr. Simms stating that abuse occurred or vouching for the complainant's credibility, as defendant contends. Dr. Simms testified that her physical examination of the complainant "neither confirmed nor ruled out her history." And she did not offer any opinions about whom, if anyone had assaulted the complainant. Dr. Simms did not address defendant, and never testified that she believed that he had assaulted the complainant. Accordingly, defendant has failed to show that admission of Dr. Simms's testimony was plainly erroneous or that defense counsel erred by not raising an objection. See *People v Thomas*, 260 Mich App 450, 457; 678 NW2d 631 (2004) ("Counsel is not ineffective for failing to make a futile objection.").

Defendant also argues that his due-process rights were violated when, during voir dire, a potential juror stated that she was a victim of child sexual abuse and described a situation that was similar to the facts of defendant's case. Defendant contends that his counsel was ineffective for failing to object to the prosecutor's questioning. We disagree.[2]

"A defendant who chooses a jury trial has an absolute right to a fair and impartial jury." *People v Tyburski*, 445 Mich 606, 618; 518 NW2d 441 (1994). "It is imperative, in securing the

---

[1] Defendant did not object to Dr. Simms's testimony. Therefore, this issue is unpreserved. Unpreserved claims of error are reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Plain error affects substantial rights when it alters the outcome of the trial court proceedings. *Id*. Because there has not been an evidentiary hearing on defendant's claims of ineffective assistance of counsel, our review is limited to mistakes apparent on the record. *People v Lane*, 308 Mich App 38, 68; 862 NW2d 446 (2014). To establish a claim of ineffective assistance of counsel, defendant must demonstrate that defense counsel's performance fell below an objective standard of professional reasonableness, and that, in the absence of counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different. *People v Grant*, 470 Mich 477, 485-486; 684 NW2d 686 (2004).

[2] Defendant did not raise this issue before the trial court and therefore our review is for plain error affecting substantial rights. *Carines*, 460 Mich at 763.

rights of the parties to an impartial jury, for the court to allow the elicitation of enough information so that the court itself can make an independent determination of a juror's ability to be impartial." *Id*. at 620. A defendant does not "have a right to individual, sequestered voir dire." *Id*. at 619. To show that he was denied a fair and impartial jury, a defendant must show that the jury was exposed to "extraneous influences" and that "these extraneous influences created a real and substantial possibility that they could have affected the jury's verdict." *People v Budzyn*, 456 Mich 77, 88-89; 566 NW2d 229 (1997).

During voir dire, a prospective juror revealed that from the ages of 12 to 14, her stepfather had sexually abused her. The juror repeatedly stated that she could not give defendant a fair trial. She stated that her mother allowed her stepfather to abuse her and that she had chosen to end relationships with her family because of their role in allowing the abuse. The juror stated that the abuse had affected her entire life. The prosecutor continued to ask the juror questions about the juror's relationship with her mother and her decision to run away from home. The juror was ultimately excused for cause.

Defendant argues that prosecutor's continued questioning of the stricken juror, even after she repeatedly stated that she could not be a fair and impartial juror, was an attempt to illustrate to the jury the behavior patterns of a sexually abused child. Although the prosecutor's questioning may have been excessive, defendant has failed to show that the empaneled jury was tainted by the stricken juror's comments. Each juror indicated that he or she could be fair and impartial, and there is no evidence that the stricken juror's comments biased the jury against defendant. The jurors were properly instructed on the presumption of innocence and instructed to consider only the evidence before the court. And this interchange during voir dire with a dismissed juror did not inherently create a real and substantial possibility that it could affect the jury's verdict. *Id.* at 89.

Finally, defendant's claim of ineffective assistance fails because he cannot show he was prejudiced by counsel's decision to not object. See *People v Grant*, 470 Mich 477, 486; 684 NW2d 686 (2004).

Affirmed.

/s/ Douglas B. Shapiro
/s/ Stephen L. Borrello
/s/ Jane M. Beckering