*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JOSHUA LEE DUFEK,

      Defendant-Appellant.

UNPUBLISHED
January 5, 2023

No. 349918
Wayne Circuit Court
LC No. 18-007516-01-FC

## ON REMAND

Before: MURRAY, P.J., and JANSEN and MARKEY, JJ.

PER CURIAM.

## I. INTRODUCTION

This matter returns to us for a second time on remand from the Supreme Court, with instructions to reconsider the prejudice prong of defendant's ineffective assistance of counsel argument relative to prior bad acts evidence in light of *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). After a jury trial, defendant was convicted of two counts of first-degree criminal sexual conduct (CSC) under MCL 750.520b(2)(b), and he appealed as of right. *People v Dufek*, unpublished per curiam opinion of the Court of Appeals, issued June 10, 2021 (Docket No. 349918), p 1. Originally, we held in part VII of this Court's prior opinion, see *id.* at 22-25, that defendant failed to establish ineffective assistance of counsel because he could not show that, but for counsel's deficient performance, the result of the proceedings would have been different. The Supreme Court vacated that portion of the opinion because, although this Court cited the correct standard under *Strickland* for assessing prejudice when counsel's performance fell below the standard of reasonableness, the standard was not applied in the analysis. *People v Dufek*, 969 NW2d 27 (Mich, 2022). The Supreme Court directed us on remand to determine whether defendant showed that " 'but for counsel's deficient performance, there [was] *a reasonable probability* that the outcome would have been different.' " *Id.*, citing *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012) (emphasis added).

In that opinion on remand, we again recognized that counsel was objectively unreasonable for opening the door to other-acts evidence and found that the error did not prejudice defendant because AD's testimony that defendant sexually assaulted her was nevertheless sufficient to convict defendant. *People v Dufek* (*On Remand*), unpublished per curiam opinion of the Court of Appeals, issued March 31, 2022 (Docket No. 349918), pp 2-3. The Supreme court again vacated our judgment and remanded the matter to us for further consideration, *People v Dufek*, 980 NW2d 62 (Mich, 2022), specifically ordering us to provide a more detailed analysis of whether the admission of the prior bad acts evidence prejudiced defendant such that a new trial was warranted:

> The defendant argued on appeal that his trial counsel was ineffective for asking his ex-wife whether she was aware of any other allegations that the defendant had molested a child. In response, the witness said she had learned from the defendant's sister that he had molested her when they were children. The Court of Appeals agreed with the defendant that his counsel was objectively unreasonable for opening the door to other-acts evidence. But it held that he was not prejudiced by the error. In assessing whether the defendant was prejudiced, the panel made a critical error.

> It concluded that because the victim's testimony was 'sufficient to convict defendant,' he was not prejudiced by the admission of other-acts evidence. *People v Dufek (On Remand)*, unpublished per curiam opinion of the Court of Appeals, issued March 31, 2022 (Docket No. 349918), p 3. Sufficient evidence to convict does not obviate the need to make a prejudice determination. Rather, as the Court noted in *Strickland*, a prejudice analysis requires determining how the error affected other evidence properly presented.

> On remand, the Court of Appeals shall resolve the defendant's claims of ineffective assistance of counsel under the correct standard, evaluating the interaction of the improper other-acts evidence with the other evidence presented at trial. Additionally, since this issue logically connects to the defendant's claim of cumulative error, that claim should also be addressed on remand, if necessary. [*Id.*]

Pursuant to this directive, we now readdress our prejudice analysis with direct attention to what bearing admission of the other-acts evidence had on the other properly presented evidence.[1] We affirm.

## II. STANDARD OF REVIEW

To preserve an ineffective assistance of counsel argument, the defendant must move for a new trial or request an evidentiary hearing. *People v Head*, 323 Mich App 526, 538-539; 917 NW2d 752 (2018). Defendant failed to file a motion for a new trial or request an evidentiary

---

[1] Because the Court's order specifically directs us to readdress only our prejudice analysis related to defendant's challenge of defense counsel's admission of other-acts evidence, we adopt subsection B through E of our previous opinion, which relates to defendant's other ineffective assistance of counsel arguments. *Dufek* (*On Remand*), unpub op at 2-3.

hearing in the trial court; however, he filed a motion to remand with this Court under MCR 7.211(C). This motion, and a subsequent one, were denied. Because defendant's motion to remand was denied and no evidentiary hearing was held in the trial court, defendant's ineffective assistance of counsel argument is limited to review for errors apparent on the record. *Head*, 323 Mich App at 539. "Whether a defendant was deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law. Any findings of fact are reviewed for clear error, while the legal questions are reviewed de novo." *Id*. (citations omitted).

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

As recounted in our prior opinions, the objectively unreasonable act of defense counsel was opening the door to the admission of other-acts evidence when she asked Trisha Sweet on cross-examination whether she had ever heard from any third parties that defendant had molested any girls, including AD. *Dufek*, unpub op at 22. After several objections and back-and-forth statements between counsel and the witness, Sweet testified that she had, as defendant's sister told Sweet that defendant molested her when she was a child.

Because our conclusion that defense counsel's questioning of Sweet on this point fell below an objective standard of reasonableness has been undisturbed, we must redetermine whether the deficiencies in defense counsel's performance were so prejudicial to defendant that he was deprived of a fair trial. *Strickland,* 466 US at 687; *People v Grant*, 470 Mich 477, 486; 684 NW2d 686 (2004). To establish prejudice, defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 US at 694. " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *People v Muhammad*, 326 Mich App 40, 63; 931 NW2d 20 (2018) (citation omitted). Under *Strickland's* prejudice standard, "[t]he likelihood of a different result must be substantial, not just conceivable[,]" *Harrington v Richter*, 562 US 86, 112; 131 S Ct 770; 178 L Ed 2d 624 (2011), as "not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Strickland*, 466 US at 693. The defendant bears the burden of demonstrating deficient performance and prejudice; thus, the defendant bears the burden of establishing the factual predicate for his claim of ineffective assistance of counsel. *Muhammad*, 326 Mich App at 63 (citation omitted).

We now turn to an examination of the untainted evidence presented by the prosecution that supports defendant's convictions. First was AD's testimony, which alone can provide sufficient evidence to support a conviction. *People v DeLeon*, 317 Mich App 714, 719; 895 NW2d 577 (2016), citing MCL 750.520h. AD testified that defendant would, on numerous occasions and at her invitation, come into her room when she was scared so that he could rub her back. AD provided specificity as to where defendant was positioned and what he was wearing when he rubbed her back, and when he engaged in the different penetrations after rubbing her back. AD also testified to a "wet spot" that was left on the bed after one occasion and not knowing what it was from. She also testified about why she ended up disclosing the incidents three years after they occurred.

Though he denied any improper behavior, defendant did admit that he would go into AD's room at night when she was scared in order to rub her back. In other words, he provided corroboration to AD's testimony about defendant coming into the room at night and rubbing her

back.[2]  Similarly, AD's mother, Sweet, provided emotional[3] testimony about AD's disclosure, and that upon this disclosure, she immediately took AD to the hospital.  AD's medical records, which were admitted into evidence, also contained statements that were consistent with what AD testified to at trial.

Weighing against this evidence is the improper testimony provided by Sweet, who answered defense counsel's question by saying that she had heard a third party claim that defendant molested another girl.  On redirect, Sweet identified the third party as defendant's sister, who allegedly revealed to Sweet that defendant molested her when she was a minor.  This testimony occurred on five pages of transcript (out of approximately 265 pages of transcripts covering two and a half days of trial), though there were only three questions and answers that provided the other acts evidence.  Through follow-up questions by defense counsel, Sweet also admitted that she never made any complaints or reports with the police about the statement until the case against defendant was brought.  The prosecutor did not use this information in closing argument, and it was not otherwise addressed again before the jury.

Upon review of the record, we again conclude that there was not a reasonable probability that, but for defense counsel's error, the outcome of the trial would have been different.  As we have recounted, AD provided fairly detailed testimony about the incidents, and some of that testimony was corroborated by defendant (the touching during the back rub) and confirmed by Sweet.  And though Sweet indeed provided testimony that defendant had molested his sister when she was a child, which the jury could have used as confirmation of defendant's proclivity to molest young girls, Sweet did not testify to any specific details of defendant's alleged abuse of his sister, and his sister did not testify.  Thus, the jury was not presented with any evidence regarding (1) how old defendant or his sister was when the alleged incident occurred; (2) where the event occurred, and under what circumstances, (3) whether the alleged incident was ever reported, and if it was, what was the outcome, and (4) whether it was an isolated event, or something prolonged. In other words, all the jury heard during Sweet's brief testimony on the issue was that a non-witness told Sweet that defendant molested her as a child.  Though it would have obviously been better had that testimony never come out, Sweet's testimony was short and vague, especially when compared to the more specific testimony from AD and the limited corroboration of some of that testimony.  And, importantly, the testimony was never raised by either party for the remainder of the trial.  We are not convinced that, but for Sweet's brief testimony, which was not referenced again during trial, there was a substantial likelihood that the outcome of the proceedings would have been different.  See, e.g., *People v Lumsden*, 168 Mich App 286, 299; 423 NW2d 645 (1988) (finding no abuse of discretion in the trial court's denial of a mistrial, even though two witnesses suggested that the defendant had committed an uncharged murder, given the fleeting nature of the remarks and the fact that they were not subsequently "emphasized to the jury").

Nor does the cumulative effect of the other errors change our opinion.  The other errors were (1) the admission of Sweet's testimony that AD told her that "My dad did that to me [],"  (2)

---

[2] AD and defendant's consistent testimony on this point likely cast doubt on the veracity of Sara Mullins' testimony, as she testified that defendant never went into AD's room at night.

[3] The transcript indicated that Sweet was sobbing during this part of her testimony.

the prosecutor's closing argument about whether female genitalia needs to be ripped to prove abuse, which was successfully objected to, and (3) defense counsel's failure to add Board as a witness. None of these errors, when added to the other acts evidence, changes our view. As to Sweet's statement, that was merely cumulative to what AD had already testified to before the jury. With respect to the prosecutor's closing argument, it was objected to, and the jury was instructed that statements by counsel are not evidence. See *People v Thomas*, 260 Mich App 450, 456; 678 NW2d 631 (2004) ("to the extent that the prosecutor's comments crossed the line into a civic duty argument, any minimal prejudice was cured by the trial court's instructions that the jury had to decide the case on the evidence and that the remarks of counsel were not evidence"). Regarding defense counsel's failure to add Board as a witness, the record shows that any testimony offered by Board regarding the love and relationship between AD and defendant would have been cumulative to the testimony provided by the defense's other witnesses. Mullins and defendant testified that defendant and AD had a loving relationship, and AD testified that she had a loving relationship with defendant. Therefore, whether considered individually or collectively, none of these errors deprived defendant of a fair trial. *People v LeBlanc*, 465 Mich 575, 591 n 12; 640 NW2d 246 (2002).

Affirmed.

/s/ Christopher M. Murray
/s/ Kathleen Jansen
/s/ Jane E. Markey