*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JAMES EDWARD DAVIS, JR.,

        Defendant-Appellant.

UNPUBLISHED
January 12, 2023

No. 358801
Ottawa Circuit Court
LC No. 20-044023-FH

Before: JANSEN, P.J., and SERVITTO and GADOLA , JJ.

PER CURIAM.

Defendant appeals as of right his convictions on one count of operating a motor vehicle with the presence of a controlled substance in his body, MCL 257.625(8), as a third felony offender, MCL 257.625(11)(c), and one count of failure to stop at the scene of a property damage accident of an attended motor vehicle, MCL 257.618. A jury found defendant guilty on both counts. The trial court sentenced defendant to 90 days' incarceration and 36 months' probation. For the reasons set forth in this opinion, we affirm.

Defendant's convictions stem from a car crash on a snowy February night. The testimony at trial reflected that defendant was driving his family business's work truck when another driver lost control and struck defendant's truck. Defendant's vehicle slid into a witness's driveway. As the vehicle rolled back into the street, defendant jumped out of the driver's side of the vehicle and walked around the front of the vehicle to grab some items from the passenger side of the vehicle. Defendant then walked away from the scene of the accident. Because it was snowing, defendant left a trail of footprints that led police officers to him. Defendant was arrested that evening for hindering the police investigation of the accident, for his failure to identify himself, and for his denial of involvement in the accident. Two eyewitnesses stated that defendant was the only person seen exiting the vehicle in the aftermath of the crash.

In contrast, defendant testified that an individual who worked for his company had been driving the vehicle during the accident. Defendant called several witnesses who stated that the individual had been seen driving defendant around during the day of the accident. One witness

stated that he saw the individual driving the truck when he exchanged money with defendant approximately an hour before the accident. But none of these witnesses saw the accident.

In closing argument rebuttal, the prosecutor spoke about a perceived inconsistency in defendant's testimony as compared to one of defendant's witnesses:

> All of those witnesses were not present when the accident occurred. They've either all talked to the defendant about it after the fact and received at least some information, but they were not present. They have no idea who the driver is. No idea. And I asked all of them that. Were you there? No. Do you know how it happened? No. Do you know who was driving? No. All we have is that Mr. Martinez said he met with the defendant at approximately 6:00 o'clock and gave him some money, *which is inconsistent with the defendant's testimony who said it was in a white envelope sealed*. When we heard from Mr. Martinez, it was actually in a prescription bag and they actually joked about that. [Emphasis added.]

Defense counsel did not object to this statement. The prosecution based this statement on a perceived inconsistency between defendant's testimony and the testimony of the defense witness, who stated that he handed the money to defendant in a "prescription bag." Defendant testified that he had received the money in a "white bag formed and sealed." The jury convicted defendant as described earlier in this opinion, and defendant now appeals.

## PROSECUTORIAL MISCONDUCT

First, defendant argues that the prosecutor committed misconduct in his closing argument when he attacked defendant's credibility by asserting that defendant's testimony was inconsistent with the testimony of one of defendant's witnesses. We disagree.

To preserve a claim of error involving prosecutorial misconduct, a defendant must contemporaneously object and must request a curative instruction. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Defendant failed to raise a contemporaneous objection or request a curative instruction regarding the prosecutor's closing argument. This issue is, therefore, unpreserved.

This Court reviews unpreserved issues of prosecutorial misconduct for plain error affecting substantial rights. *People v Cain*, 498 Mich 108, 116; 869 NW2d 829 (2015). This Court may grant relief if defendant meets the four-part *Carines*[1] test. Defendant must establish "that (1) an error occurred, (2) the error was 'plain'— i.e., clear or obvious, and (3) the error affected substantial rights—i.e., the outcome of the lower court proceedings was affected." *Id.* If defendant satisfies the first three prongs, the Court must "exercise its discretion in deciding whether to reverse," and "relief is warranted only when the court determines that the plain, forfeited error resulted in the conviction of an actually innocent defendant or seriously affect[ed] the fairness,

---

[1] *People v Carines*, 460 Mich 750; 597 NW2d 130 (1999).

integrity or public reputation of [the] judicial proceedings . . . ." *Id*. (quotation marks and citation omitted; alterations in original).

When a claim of prosecutorial misconduct is unpreserved, this Court will only review the alleged error if a curative instruction could not have remedied the prejudicial effect of the prosecutor's comments or if the failure to consider the issue would result in a miscarriage of justice. *People v Mayhew*, 236 Mich App 112, 122-123; 600 NW2d 370 (1999); see MCL 769.26. A miscarriage of justice will not be found if the prejudicial effect of the prosecutor's comments could have been cured by a timely instruction. *Mayhew*, 236 Mich App at 123. "Curative instructions are sufficient to cure the prejudicial effect of most inappropriate prosecutorial statements." *People v Seals*, 285 Mich App 1, 22; 776 NW2d 314 (2009).

"[T]he test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). "Issues of prosecutorial misconduct are decided case by case, and this Court must examine the entire record and evaluate a prosecutor's remarks in context." *Id.* at 64. A prosecutor's remarks are "evaluated in light of defense arguments and the relationship they bear to the evidence admitted at trial to determine whether a defendant was denied a fair and impartial trial." *People v Brown*, 267 Mich App 141, 152; 703 NW2d 230 (2005). The defendant bears the burden of proving that he was denied a fair and impartial trial. See *Dobek*, 274 Mich App at 66.

"A prosecutor may not make a factual statement to the jury that is not supported by the evidence, but he or she is free to argue the evidence and all reasonable inferences arising from it as they relate to his or her theory of the case." *Id.* (citations omitted). However, in closing argument, prosecutors generally are given great latitude and are free to argue the evidence and all reasonable inferences from the evidence. *People v Mullins*, 322 Mich App 151, 172; 911 NW2d 201 (2017). At the end of trial, the trial court instructs the jury that "[m]any things are not evidence and you must be careful not to consider them as such" including, "the lawyer's statements and arguments." M Crim JI 3.5(3); 3.5(5). "[J]urors are presumed to follow their instructions." *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998).

Defendant did not establish that the prosecution's misstatement during rebuttal was plain error. See *Cain*, 498 Mich at 116. The prosecution misstated defendant's testimony that he received the money in a "white bag formed and sealed," and instead stated that defendant testified the money was in a "white envelope sealed." The misstatement, however, was brief and isolated as compared to the wealth of circumstantial and direct evidence on the record indicating defendant's guilt. See *People v Unger*, 278 Mich App 210, 239; 749 NW2d 272 (2008). Prosecutors are given wide latitude by the trial court to argue the evidence and all reasonable inferences arising therefrom. *Mullins*, 322 Mich App at 172. We disagree that absent the mischaracterization ("white bag" versus "white envelope") there was a reasonable probability of a different outcome at defendant's trial.

Even assuming that the prosecutor's misstatement had been objected to and excluded from the jury's consideration, defendant asked the jury to believe that the actual driver disappeared from the scene without being seen by the eyewitnesses to the crash. Defendant's version of the crash is belied by two eyewitnesses who saw only defendant exit the vehicle and walk away, leaving a trail of footprints to his location. No other footprints were found leading away from the scene.

Defendant attempted to support his iteration of the crash with witnesses who were not present during the crash. It is unlikely that the jury was swayed by the tangential discussion of the money bag and, instead, simply did not believe defendant's dubious description of the crash aftermath.

Further, the trial court provided jury instructions that cured any error that may have occurred. The jury was instructed by the trial court that the lawyers' statements and arguments are not evidence. M Crim JI 3.5(3); 3.5(5). To the extent that defendant may have suffered prejudice from the prosecutor's misstatement, curative instructions are sufficient to cure the effect of most inappropriate prosecutorial statements. See *Seals*, 285 Mich App at 22. Defendant argues that these instructions were buried in a mountain of other instructions. However, "jurors are presumed to follow their instructions," *Graves*, 458 Mich at 486, and there is nothing in the lower court record that rebuts this presumption.

INEFFECTIVE ASSISTANCE OF COUNSEL

Next, defendant argues that defense counsel provided ineffective assistance when he did not object to the prosecution's mischaracterization of defendant's testimony in his closing argument. We disagree.

A defendant's ineffective assistance of counsel claim is a mixed question of fact and constitutional law. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). We review the trial court's findings of fact for clear error, while reviewing questions of law de novo. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). When there has been no evidentiary hearing held below, this Court's review is limited to mistakes that are apparent on the record.[2] *People v Payne*, 285 Mich App 118, 188; 774 NW2d 714 (2009). "If the record does not contain sufficient detail to support defendant's ineffective assistance claim, then he has effectively waived the issue." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002).

Both the United States and Michigan Constitutions guarantee a defendant the right to effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. This state has adopted the federal constitutional standard for an ineffective assistance of counsel claim as set forth in *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). See *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014). To obtain a new trial, a defendant must establish that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *Id*. A defendant must "overcome the strong presumption that counsel's performance was born from a sound strategy." *Trakhtenberg*, 493 Mich at 52. However, this Court "cannot insulate the review of counsel's performance by calling it trial strategy." *Id*.

"The inquiry into whether counsel's performance was reasonable is an objective one and requires the reviewing court to determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012) (quotation marks and citation omitted). "This

---

[2] This Court denied defendant's motion to remand. *People v Davis*, unpublished order of the Court of Appeals, entered July 1, 2022 (Docket No. 358801).

standard requires a reviewing court to affirmatively entertain the range of possible reasons . . . counsel may have had for proceeding as they did." *Id.* (quotation marks and citation omitted; alteration in original). This Court will not substitute its own judgment for that of counsel or use the benefit of hindsight in assessing trial counsel's competence. *Unger*, 278 Mich App at 242-243. Defense counsel is not ineffective when he or she fails to make an objection that lacks merit. See *People v Clark*, 330 Mich App 392, 426; 948 NW2d 604 (2019).

When a claim of ineffective assistance of counsel is based on a failure to object to the prosecutor's comments made during closing argument, this Court has determined that the prejudice of the prosecutor's comments can be alleviated by the trial court's instruction to the jury that the case is to be decided on the evidence and that the comments of counsel are not evidence. See *People v Thomas*, 260 Mich App 450, 457; 678 NW2d 631 (2004). In this case, the trial court properly read the jury instructions to the jury after rebuttal. Further, because we conclude that prosecutorial misconduct did not occur, we also conclude that defense counsel did not provide ineffective assistance of counsel. Defense counsel is not required to advocate for a meritless position. *Clark*, 330 Mich App at 426. Declining to raise objections, especially during closing arguments, often can be consistent with sound trial strategy. *Unger*, 278 Mich App at 242. Defense counsel may have considered an objection unnecessary when the trial court's instructions to the jury included the statement that attorney arguments are not evidence. M Crim JI 3.5(3); 3.5(5). Defense counsel's trial strategy is presumed to be sound. See *Trakhtenberg*, 493 Mich at 52. This singular failure to object does not overcome that strong presumption. Defendant has failed to show defense counsel's performance fell below an objective standard of reasonableness.

In light of the testimony at trial demonstrating defendant's guilt, defendant also cannot demonstrate the requisite prejudice to satisfy the second prong of his ineffective assistance of counsel claim. Defendant has failed to show that, but for counsel's failure to object to the alleged misconduct, the results of the proceeding would have been different. *Id.* at 51. We are not convinced that the jury's verdict would have hinged on the conflicting descriptions of the manner in which Mr. Martinez delivered cash to defendant just before the crash. Defendant's unlikely rendition of the crash aftermath was juxtaposed against overwhelming circumstantial evidence of defendant's guilt.

Affirmed.


/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael F. Gadola