*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 10, 2023

Plaintiff-Appellee,

v

No. 359751
Genesee Circuit Court
LC No. 16-040388-FC

ANTRONE TYWONE WILSON,

Defendant-Appellant.

Before: PATEL, P.J., and BOONSTRA and RICK, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of first-degree premeditated murder, MCL 750.316(1)(a), carrying a concealed weapon (CCW), MCL 750.227, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant, who was a 17-year-old juvenile at the time of the offense, to concurrent prison terms of 30 to 60 years for the murder conviction, 24 to 60 months for the CCW conviction, and a consecutive two-year term for the felony-firearm conviction. We reverse and remand for a new trial.

## I. FACTUAL BACKGROUND

Defendant's convictions arise from a shooting that occurred in Flint, Michigan, in the early morning hours of March 5, 2016. At the time, defendant and three friends named Dontez Thomas, Donald Davis, and Rashad Green, were picking up Thomas's sister, Justice Thomas (hereinafter referred to as "Justice,") from a house on Dupont Street in Flint. Justice was victim's ex-girlfriend and the mother of his daughter. One of the passengers in the victim's car testified that the victim's daughter lived at the Dupont address, and noted that the victim decided to drive by the house. Defendant was parked in the driveway at the Dupont house, and saw the victim's car driving slowly down the street. Defendant and Green were armed with handguns. Witnesses described a confrontation during which defendant got out of his vehicle with a handgun and exchanged words with the victim before firing multiple shots at his car. Green also allegedly fired at the victim's car. Two types of spent casings were recovered from the driveway and the street, which confirmed

-1-

that two weapons were used. The victim sustained fatal gunshot wounds, including a shot to the head and one to the upper back.

There was no known dispute between defendant and the victim to explain why the shooting occurred. However, testimony elicited at trial suggested that defendant may have mistaken the victim for a gang member who had been involved in an earlier confrontation with defendant and Green. The prosecutor therefore argued at trial that under the doctrine of transferred intent, defendant was guilty of first-degree murder even if he shot the victim believing he was a gang member. Defendant claimed that he shot at the victim's vehicle in self-defense or defense of others. Justice, Thomas, and Green were also charged in this matter. Justice was charged with obstruction of justice and lying to a peace officer, and she testified at defendant's trial in anticipation of a plea deal. Pursuant to a plea agreement, Thomas pleaded guilty to accessory after the fact, and also testified at defendant's trial. Finally, testimony was introduced at trial that Green pleaded guilty of assault with intent to commit murder and felony-firearm, but he was not called as a witness at defendant's trial.

The jury rejected defendant's claim of self-defense and convicted him as charged on all counts. This appeal followed.

## II. ANALYSIS

### A. GUILTY PLEA

Defendant argues that it was improper for the jury to hear about Green's guilty plea when Green did not testify. He further argues that the prosecutor improperly commented on both Green's and Thomas's guilty pleas in her closing argument by urging the jury to consider the pleas as substantive evidence of defendant's guilt. We agree that the prosecutor's statements regarding Green's guilty plea were improper and prejudicial to defendant.

Defendant concedes that his substantive challenges to the admissibility of the guilty pleas and the prosecutor's remarks during closing and rebuttal arguments are unpreserved because there was no objection to the evidence or remarks at trial. MRE 103(a)(1); *People v Evans*, 335 Mich App 76, 88; 966 NW2d 402 (2020). We review unpreserved claims of evidentiary error or prosecutorial misconduct for plain error affecting defendant's substantial rights. *People v Abraham,* 256 Mich App 265, 274-275; 662 NW2d 836 (2003) (footnote omitted). Under the plain-error rule, defendant bears the burden to prove: 1) an error occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights, i.e., it prejudiced defendant by affecting the outcome or seriously affected the fairness, integrity, or public reputation of the judicial proceedings independent of defendant's innocence. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). This Court will not reverse on the basis of an improper remark by the prosecutor if the prejudicial effect of the prosecutor's comments could have been cured by a timely instruction from the trial court. *People v Williams,* 265 Mich App 68, 70-71; 692 NW2d 722 (2005).

Here, the jury was informed that Green pleaded guilty of assault with intent to commit murder and felony-firearm pursuant to a plea agreement, and that he would be testifying at defendant's trial. Green's plea agreement was admitted as an exhibit at trial, and a detective

testified regarding the contents of the plea agreement. At that point, the parties still anticipated that he would be called as a witness. However, after the evidence was introduced, the prosecutor elected not to call Green as a witness. Further, although defense counsel had expressed an intent to call Green as part of the defense's case, counsel also declined to call Green as a witness.[1]

It is well-established that a codefendant's guilty plea is generally inadmissible at a defendant's separate trial as substantive evidence of the defendant's guilt. *People v Kincade*, 162 Mich App 80, 84-86; 412 NW2d 252 (1987). This rule is designed to protect defendants from unfair prejudice. Put differently,

> "Where two or more persons are jointly indicted for the same criminal offense which is in its nature several, or are separately indicted for such offense or for separate offenses growing out of the same circumstances, and are tried separately, the fact that one defendant has pleaded guilty or has been convicted is, as a general rule, inadmissible as against the other, since competent and satisfactory evidence against one person charged with an offense is not necessarily so against another person charged with the same offense, and since each person charged with the commission of an offense must be tried upon evidence legally tending to show his guilt or innocence." [*People v Eldridge*, 17 Mich App 306, 316-317; 169 NW2d 497 (1969) (quotation marks and citation omitted).]

Here, the guilty plea was discussed in the context of the prosecutor's closing argument. The test for prosecutorial misconduct is whether the defendant was denied a fair trial. *People v Bahoda*, 448 Mich 261, 266-267; 531 NW2d 659 (1995). A prosecutor is afforded great latitude during closing argument, and may use "hard language" when the evidence supports it. *Id.* at 282; *People v Ullah*, 216 Mich App 669, 678; 550 NW2d 568 (1996). Further, a prosecutor "is free to argue the evidence and any reasonable inferences that may arise from the evidence," *People v Ackerman,* 257 Mich App 434, 450; 669 NW2d 818 (2003). However, a prosecutor must refrain from making prejudicial remarks, *Bahoda,* 448 Mich at 282-283. "A prosecutor can deny a defendant his or her right to a fair trial by making improper remarks that 'so infect[] the trial with unfairness as to make the resulting conviction a denial of due process.' " *People v Lane*, 308 Mich App 38, 62-63; 862 NW2d 446 (2014) (citation omitted).

The record does not support defendant's claim that evidence of Green's guilty plea was initially introduced as substantive evidence of defendant's guilt. It is clear from the record that the parties contemplated that he would be called as a witness. Defense counsel expressed an intent to call Green as a witness if the prosecution did not. The testimony regarding Green's guilty plea focused on the terms of Green's plea agreement and the consideration he received for entering a plea. This was a permissible basis for introducing such evidence, since the parties anticipated that

---

[1] Defendant does not directly challenge the admissibility of the evidence regarding Thomas's plea agreement. Unlike Green, Thomas testified at trial and his plea agreement was relevant to his credibility.

Green would be called as a witness. Thus, the initial introduction of this evidence does not qualify as plain error.

However, because Green was never called to testify, we ultimately conclude that defendant was unjustly prejudiced by references to the guilty plea made by the prosecutor during her closing and rebuttal arguments. By making such remarks, the prosecutor wrongfully suggested that the jury could consider the plea as substantive evidence of defendant's guilt. The prosecutor referred to the plea in the following remarks during closing argument:

> Now, [Detective Moore] also talked a little bit about DNA found on the 7.62s and what's interesting about that is that there was only two types of shell casings found there.

> We know that there were two shooters because one of them has already pled guilty to assault with intent to murder and it was his DNA that was on the bigger gun or the bigger shell casings that came from the bigger gun that everybody said that they saw Rashad with.

Thereafter, defense counsel argued that defendant and Green acted in self-defense, stating, "[N]either Mr. Wilson or Mr. Green had the intent to kill anyone. Their intent was to protect themself [sic]. That's exactly what it was. There was no intent to kill." During rebuttal, the prosecutor again commented on Green's guilty plea, and also made a brief comment regarding Thomas's guilty plea, stating:

> [Defense counsel] told you that Mr. Wilson and Mr. Green did not intend to kill. That is also the opposite of what is in evidence.

> What is in evidence is that Rashad Green pled guilty to assault with intent to murder. Not self-defense, not anything else. Assault with intent to murder. That is what he pled guilty to.

> Dontez Thomas pled guilty to accessory after the fact of murder. Now, he told you about something about how there was some sweet deal for Mr. Thomas.

> That is not true. What he was charged with were the crimes that we believe that he committed, that—what we believe the evidence showed.

> And he pled guilty to the more serious offense, the accessory after the fact for reloading the firearm and kicking in the door and hiding the guns.

We are not convinced that the prosecutor's reference to Thomas's guilty plea was made in error. Viewed in context, it is apparent that the prosecutor was responding to defense counsel's efforts to undermine Thomas's credibility by suggesting that he had received a "sweet deal" for pleading guilty and agreeing to testify at defendant's trial. The prosecutor argued in response that Thomas pleaded guilty to the crimes that the evidence showed he actually committed. In addition to the responsive nature of these remarks, they referred to Thomas's guilty plea only in the permissible context of how the plea related to his credibility as a witness, not as substantive evidence of defendant's guilt.

However, the prosecutor's remarks regarding Green's guilty plea did constitute plain error. In making these remarks, the prosecutor pointed out that Green had already pleaded guilty of assault with intent to murder, thereby establishing that he was one of the shooters. In doing so, the prosecutor suggested that Green's guilty plea identified defendant as the other shooter, and was thus substantive evidence of defendant's guilt. Further, in her rebuttal to defense counsel's closing argument, the prosecutor specifically stated that "Green pled guilty to assault with intent to murder. Not self-defense, not anything else. Assault with intent to murder." These remarks must be considered in their responsive context. Here, the prosecutor essentially argued that Green's guilty plea shows that he admitted to acting with an intent to kill, and that he did not act in self-defense. The logical conclusion to be drawn from these statements is that defendant, who was with Green and fired a gun at the victim's car during the shooting, also acted with an intent to kill, rather than in self-defense. Accordingly, plain error occurred in this context.

Along with demonstrating plain error, defendant must also show that the error affected his substantial rights. *Carines*, 460 Mich at 763-764. Generally, in cases involving prosecutorial misconduct, "where a curative instruction could have alleviated any prejudicial effect we will not find error requiring reversal." *People v Ackerman*, 257 Mich App 434, 449; 669 NW2d 818 (2003). The trial court did instruct the jury that the lawyers' statements and arguments are not evidence. In most cases, this would be sufficient to avoid the presumption of prejudice. However, issues of prosecutorial misconduct are decided case by case, and this Court must examine the entire record and evaluate a prosecutor's remarks in context. *People v Thomas*, 260 Mich App 450, 454; 678 NW2d 631 (2004). The prosecutor's comments in this case directly addressed defendant's guilt and urged the jury to conclude that if Green pleaded guilty, then defendant must also be guilty. In light of the facts presented here, we are not convinced that instructing the jury not to consider closing arguments as evidence was sufficient to prevent the jury from drawing an unfair conclusion about defendant's guilt. "The purpose of closing argument is to allow attorneys to comment on the evidence and to argue their theories of the law to the jury." *People v Clark*, 330 Mich App 392, 433; 948 NW2d 604 (2019) (quotation marks and citation omitted). The prosecutor certainly could have accomplished this goal without reference to Green's guilty plea. Accordingly, we conclude that defendant has shown plain error requiring reversal.

## B. INEFFECTIVE ASSISTANCE

Relatedly, defendant argues that defense counsel was ineffective for not objecting to the introduction of Green's guilty plea or the prosecutor's related remarks. We agree.

Defendant failed to raise a claim of ineffective assistance in the trial court; thus, our review of that issue is limited to errors apparent from the record. *People v Matuszak,* 263 Mich App 42, 48; 687 NW2d 342 (2004). To establish a claim of ineffective assistance of counsel, defendant must demonstrate that counsel's performance was deficient, which involves consideration of "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *People v Leffew*, 508 Mich 625, 637; 975 NW2d 896 (2022), quoting *Strickland v Washington*, 466 US 668, 690; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Defendant must also demonstrate that he was prejudiced by counsel's error, meaning that he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Leffew*, 508 Mich at 637, quoting

*Strickland*, 466 US at 694.  A "reasonable probability" is " 'a probability sufficient to undermine confidence in the outcome.' " *Leffew*, 508 Mich at 637, quoting *Strickland*, 466 US at 694.

Defense counsel's failure to object to the introduction of Green's guilty plea was not objectively unreasonable considering that the parties anticipated that Green would be testifying at trial at the time the plea was introduced, and his plea would have been relevant to his credibility. This Court will not substitute its judgment for that of counsel regarding trial strategy.  *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002).  "However, counsel will still be found ineffective on the basis of a strategic decision if the strategy employed was not a sound or reasonable one." *People v Cline,* 276 Mich App 634, 637; 741 NW2d 563 (2007).  The failure to object to the prosecutor's references to Green's guilty plea during closing and rebuttal arguments was not sound trial strategy, and was prejudicial to defendant.  Although the prosecutor did not directly argue that Green's guilty plea should be considered as substantive evidence that defendant also acted with an intent to kill, the suggestion was strongly implied, and the jury could have drawn an inference about defendant's actions from the prosecutor's remarks about his codefendant. Considering this context, there was no sound strategic reason for defense counsel to fail to object to the remarks, and we conclude that defendant was prejudiced as a result.

### III.  CONCLUSION

Defendant was prejudiced by the prosecutor's remarks regarding Green's guilty plea during closing argument, and trial counsel was ineffective for failing to object to the prosecutor's statements.  Defendant is thus entitled to a new trial.  Accordingly, we reverse and remand for further proceedings consistent with this opinion.  We do not retain jurisdiction.[2]

/s/ Sima G. Patel
/s/ Michelle M. Rick

---

[2] Defendant raises several other arguments, including challenges involving his right to a speedy trial and racial discrimination in the jury selection process, as well as challenges to the sufficiency of the evidence, the admission of certain specific pieces of evidence, and the instructions that were read to the jury.  Upon review of the entire record, we conclude that defendant's arguments on these issues lack merit.  Nevertheless, because we agree that defendant is entitled to a new trial on the basis of prosecutorial misconduct and ineffective assistance of counsel, we need not address defendant's remaining issues in full.