*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KEITH DARNELL HOLLIMON,

Defendant-Appellant.

UNPUBLISHED
June 06, 2025
1:53 PM

No. 370237
Oakland Circuit Court
LC No. 2023-286362-FC

Before: K. F. KELLY, P.J., and O'BRIEN and ACKERMAN, JJ.

PER CURIAM.

Defendant appeals his jury convictions of two counts of first-degree criminal sexual conduct (CSC-I): one under MCL 750.520b(1)(a) (sexual penetration of a person under the age of 13) and the other under MCL 750.520b(1)(b)(*ii*) (sexual penetration of a person at least 13 but less than 16 and related to the defendant by blood). He was sentenced as a fourth-offense habitual offender, MCL 769.12, to concurrent terms of 25 to 50 years. We affirm.

## I. BACKGROUND

This case arises from defendant's sexual abuse of his great-niece between 2021 and 2023, when she was between the ages of 11 and 13.

Trial testimony established that the victim primarily lived with her mother in Georgia during that time but spent weeks- and months-long visits at the home of her maternal grandmother—defendant's sister—in Pontiac, Michigan.

The victim testified that defendant sexually abused her multiple times in 2021 and 2023 while she was at her grandmother's home, including through penetration. The final incident occurred on April 8, 2023. On that date, the victim was assisting defendant with a project while her grandmother worked in the basement. As the victim approached the stairs to the second floor, defendant bent her over the stairs, pulled down her bottoms and underwear, and pulled down his pants. The assault ended abruptly when they heard the grandmother's footsteps ascending from the basement. The incident was recorded on the grandmother's security camera. After reviewing the footage, the grandmother reported the sexual abuse to law enforcement.

Defendant took the stand and denied the allegations. In response to the video of the April 8, 2023 incident, he claimed that the victim walked to the stairwell and pulled down her pants, prompting him to begin unbuttoning his pants before becoming disgusted with himself and stopping.

The jury convicted defendant as charged, and the trial court sentenced him as described above. Defendant now appeals.

## II. ANALYSIS

### A. PROSECUTORIAL ERROR

Defendant first contends that he was denied his right to a fair trial because the prosecutor improperly vouched for the victim's credibility and asserted that defendant was a liar during closing argument.

Because defendant did not object or request a curative instruction, we review for plain error affecting substantial rights. *People v Isrow*, 339 Mich App 522, 529; 984 NW2d 528 (2021). To obtain relief under that standard, a defendant must show that "(1) an error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights, i.e., prejudiced defendant by affecting the outcome of the proceedings." *People v Anderson*, 341 Mich App 272, 279; 989 NW2d 832 (2022) (quotation marks and citation omitted). Even if those requirements are met, reversal is warranted only if the error "resulted in the conviction of an actually innocent defendant" or "seriously affected the fairness, integrity, or public reputation of judicial proceedings independent of the defendant's innocence." *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999) (cleaned up).

"[T]he test for prosecutorial misconduct[1] is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). Claims of prosecutorial error "are decided case by case, and this Court must examine the entire record and evaluate a prosecutor's remarks in context." *Id*. at 64. We evaluate a prosecutor's comments "in light of defense arguments and the relationship the comments bear to the evidence admitted at trial." *Id*.

"Generally, prosecutors are accorded great latitude regarding their arguments and conduct." *People v Cooper*, 309 Mich App 74, 90; 867 NW2d 452 (2015) (cleaned up). The prosecution may argue the evidence and reasonable inferences from it but must avoid making prejudicial remarks. *People v Bahoda*, 448 Mich 261, 282-283; 531 NW2d 659 (1995). It is also improper for the prosecution to suggest personal knowledge or belief about a witness's credibility or to vouch for the credibility of a witness by implying special knowledge or insight into the

---

[1] "Although the term 'prosecutorial misconduct' has become a term of art often used to describe any error committed by the prosecution, claims of inadvertent error by the prosecution are better and more fairly presented as claims of 'prosecutorial error,' with only the most extreme cases rising to the level of 'prosecutorial misconduct.' " *People v Jackson (On Reconsideration)*, 313 Mich App 409, 425 n 4; 884 NW2d 297 (2015) (cleaned up).

witness's truthfulness. *People v Meissner*, 294 Mich App 438, 456; 812 NW2d 37 (2011); *People v Thomas*, 260 Mich App 450, 455; 678 NW2d 631 (2004). "But a prosecutor may comment on his own witnesses' credibility during closing argument, especially when there is conflicting evidence and the question of the defendant's guilt depends on which witnesses the jury believes." *Thomas*, 260 Mich App at 455. Such arguments "are not improper when based on the evidence, even if couched in terms of belief or disbelief." *People v Unger*, 278 Mich App 210, 240; 749 NW2d 272 (2008).

The record does not support defendant's claim that the prosecutor committed error during its closing argument. The prosecutor did not claim special insight into the victim's or defendant's credibility. Rather, he argued that the victim and other prosecution witnesses did not "have a special interest in the outcome of this case, other than the fact that they are just here and they've been told to tell the truth." He further contended that the victim was motivated to tell the truth to protect herself, while defendant, facing serious consequences, had an incentive to lie. Those arguments responded to the defense theory that the victim fabricated the allegations and were permissible. See *People v Wisniewski*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 361978); slip op at 15-16. Accordingly, no plain error occurred.

## B. OFFENSE VARIABLES

Defendant next challenges the scoring of Offense Variable (OV) 3 (physical injury to victim), OV 4 (psychological injury to victim), OV 10 (exploitation of vulnerable victim), and OV 13 (continuing pattern of criminal behavior).

We review the factual basis for a trial court's assessment of offense variables for clear error and review de novo "whether the trial court properly interpreted and applied the sentencing guidelines to the findings." *People v Teike*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 363705); slip op at 2 (citation omitted). "Clear error exists when this Court is left with a definite and firm conviction that a mistake was made." *Id.* (quotation marks and citation omitted). Because "a sentence is invalid if it is based on inaccurate information," a defendant is entitled to resentencing based on a scoring error if the error "altered the appropriate guidelines range." *People v Francisco*, 474 Mich 82, 90; 711 NW2d 44 (2006) (citation omitted). An error that does not alter the guidelines minimum range is harmless and does not require resentencing. *Teike*, ___ Mich App at ___; slip op at 7-8.

We need not address the merits of defendant's OV challenges because any error would be harmless. The trial court sentenced defendant to 25 to 50 years' imprisonment for both CSC-I convictions. For the conviction under MCL 750.520b(1)(a), the trial court was required to impose a mandatory minimum sentence of 25 years under MCL 750.520b(2)(b).[2] Additionally, the

---

[2] Cf. *People v Fink*, unpublished per curiam opinion of the Court of Appeals, issued January 3, 2012 (Docket No. 300769), p 4 ("The trial court was, therefore, required to impose a sentence in accordance with MCL 750.520b(2)(b), which mandated a minimum sentence of 25 years' imprisonment for defendant's CSC I convictions. Consequently, any error in the scoring of OV 11 did not impact defendant's sentence, and we decline to address the merits of defendant's argument that the trial court erred in scoring 50 points for OV 11.")

habitual offender statute, MCL 769.12, mandates a 25-year minimum for a defendant with at least three prior felony convictions—one of which is a "listed prior felony"—who is subsequently convicted of a serious crime. *See* MCL 769.12(1)(a). Because defendant was a fourth-offense habitual offender with a prior conviction of first-degree home invasion under MCL 750.110a—a listed prior felony—the trial court was required to impose a minimum sentence of 25 years for each CSC-I conviction. MCL 769.12(6)(a)(*iii*).

Because the trial court lacked discretion to impose a lower minimum sentence, any error in scoring the OVs would be harmless. *See* MCL 769.34(2)(a). Even if the guidelines range had changed, the court could not have imposed a lesser sentence. Accordingly, defendant is not entitled to resentencing on this basis.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Colleen A. O'Brien
/s/ Matthew S. Ackerman